[No. B156926. Second Dist., Div. Four. Sept. 23, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
JOSE AGUILAR et al., Defendants and Appellants.

**COUNSEL**

William Flenniken, Jr., under appointment by the Court of Appeal, for Defendant and Appellant Jose Aguilar.

Phillip I. Bronson, under appointment by the Court of Appeal, for Defendant and Appellant Richard Vale.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Susan D. Martynec and Lawrence M. Daniels, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**VOGEL (C. S.) P. J.**—Jose Aguilar and Richard Vale appeal from judgments entered (orders granting probation) following Aguilar's no contest plea to grand theft and conspiracy to commit grand theft (Pen. Code, §§ 487, subd. (a), 182, subd. (a)(1)) and Vale's plea to conspiracy to obstruct justice (Pen. Code, § 182, subd. (a)(5)). Appellants both contend the trial court abused its discretion when it denied their motions to withdraw their pleas and

their motions to dismiss for failure to produce exculpatory evidence. They also contend any failure to obtain a certificate of probable cause was excused.[1]

We dismiss the appeals because appellants did not obtain in a timely manner the required certificates of probable cause.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY[2]

Aguilar was the owner of a construction company and Vale was a registered deputy inspector working on behalf of the City of Los Angeles. Aguilar undertook to upgrade a number of unreinforced buildings so as to comply with an earthquake hazard reduction ordinance passed by the City of Los Angeles. In some of the jobs, Aguilar used anchors that were not consistent with the requirements of the ordinance. In every building where these anchors were used, the same registered deputy inspector, Richard Vale, had signed the inspection certificates. During the time these subject anchors were used, Vale was the only inspector Aguilar used. Prior to this time, before the subject anchors were used, Aguilar had used a variety of inspectors. Many of the inspection certificates signed by Vale indicated continuous inspection, which would have required that he be physically present during the entire installation. The city subsequently tested the anchors and noted the anchors performed so poorly that it had no choice but to require the building owners to begin having their buildings retrofitted.

On July 17, 1997, during trial, Aguilar and Vale entered into plea agreements wherein Aguilar pled to grand theft and conspiracy to commit grand theft and Vale pled to conspiracy to obstruct justice.

On December 8, 1999, they filed motions to withdraw their pleas and to dismiss based on the prosecution's failure to disclose exculpatory evidence. The motions were denied.

On January 25, 2002, at sentencing, proceedings were suspended and appellants were placed on probation for five years. On that same date, they each filed a notice of appeal. Both appellants failed to file a timely request for a certificate of probable cause.

On August 28, 2002, this court denied appellant Vale's request for relief from failure to file a timely request for a certificate of probable cause.

---

[1] Vale's counsel initially filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071]. His motion to strike the brief filed April 11, 2003, is granted.

[2] The statement of facts is based on probation reports.

On October 23, 2002, the California Supreme Court denied Vale's petition for review.

On October 28, 2002, Los Angeles County Superior Court Judge Judith C. Chirlin signed and filed a certificate of probable cause as to Aguilar and Vale; said certification was to "be nunc pro tunc to January 25, 2002."[3]

On June 27, 2003, this court gave notice to the parties of its intention to dismiss the appeals of appellants under the holding of *In re Chavez* (2003) 30 Cal.4th 643 [134 Cal.Rptr.2d 54, 68 P.3d 347]. Appellants were given 20 days from the date of the order to file written opposition and respondent was given 10 days thereafter within which to respond. All parties responded to the order.

## DISCUSSION

"[A] defendant generally may *not* take an appeal from a judgment of conviction entered on a plea of guilty or . . . nolo contendere, except on grounds going to the legality of the proceedings, including the validity of his plea. [Citations.] The basis of this 'general principle' [citations] is the fact that a 'plea of guilty [itself] constitutes a conviction' [citations], indeed the 'highest kind of conviction which the case admits' [citation], and that a plea of nolo contendere is its equivalent. [Citation]. [¶] In line with such decisional law, [Penal Code] section 1237.5 provides that a defendant may not take an appeal from a judgment of conviction entered on a plea of guilty or nolo contendere unless he has filed in the superior court a statement of certificate grounds, which go to the legality of the proceedings, including the validity of his plea, and has obtained from the superior court a certificate of probable cause for the appeal. [Citation.] [¶] . . . [¶] [California Rules of Court, rule] 31(d) . . . implements section 1237.5 by providing, in pertinent part, that the defendant may not take or prosecute an appeal unless he has filed the statement of certificate grounds as an intended notice of appeal within 60 days after rendition of judgment, and has obtained a certificate of probable cause for the appeal within 20 days after filing of the statement and, hence, within a maximum of 80 days after rendition of judgment. [Citations.] Unless he has done so, his purported appeal is not 'operative' in this regard . . . ." (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094–1095 [81 Cal.Rptr.2d 301, 969 P.2d 146].)[4]

---

[3] The request to take judicial notice pursuant to Evidence Code section 459 of the certificate of probable cause is granted.

[4] There are exceptions, not applicable here, in that a defendant "may take an appeal without a statement of certificate grounds or a certificate of probable cause if he does so solely on noncertificate grounds, which go to postplea matters not challenging his plea's validity and/or matters involving a search or seizure whose lawfulness was contested pursuant to [Penal Code] section 1538.5. [Citations.]" (*People v. Mendez, supra,* 19 Cal.4th at p. 1096.)

"[T]he defendant may not obtain review of certificate issues unless he has complied with section 1237.5 and rule 31(d) . . . fully, and, specifically, in a timely fashion . . . . Plainly, he has not complied with them fully unless he has complied with them in a timely fashion." (*People v. Mendez, supra,* 19 Cal.4th at p. 1099.)

Recently, in *In re Chavez, supra,* 30 Cal.4th 643, 653, our Supreme Court discussed whether California Rules of Court, rule 45(e) could be used to relieve a party from his failure to timely file the statement required by Penal Code section 1237.5.[5] The court determined "that for purposes of rule 45(e), filing a statement of reasonable grounds for appeal is the equivalent of filing a notice of appeal, and consequently . . . this rule does not afford relief from default in timely filing the required statement." (*Ibid.*)

Appellants argue, relying on *In re Benoit* (1973) 10 Cal.3d 72 [109 Cal.Rptr. 785, 514 P.2d 97], that their statements of reasonable grounds should be deemed timely filed under the theory of "constructive filing." Under this doctrine as first enunciated, a notice of appeal was deemed timely filed when a defendant delivered it to state prison employees for mailing six days prior to expiration of the period to appeal but the notice was mailed after expiration of the period because of the negligent delay of prison employees. (*People v. Slobodion* (1947) 30 Cal.2d 362, 366–367 [181 P.2d 868].)

*Benoit* "extended the principle of constructive filing . . . 'to situations wherein an incarcerated criminal appellant has made arrangements with his attorney for the filing of a timely appeal and has displayed diligent but futile efforts in seeking to insure that the attorney has carried out his responsibility.' " (*In re Chavez, supra,* 30 Cal.4th at p. 657.) The court in *Benoit* held "the doctrine applied when the untimely filing of a notice of appeal was due to certain negligence of trial counsel. [Citation.]" (*Id.* at pp. 657–658.)

The *Chavez* court refused to implement the doctrine to find that the statement of reasonable grounds for appeal should be deemed timely filed. It explained that in *Benoit*, it had "applied the doctrine of constructive filing based upon a promise *or* representation made by each defendant's attorney that he would timely file a notice of appeal on his client's behalf. [Citation.] [The court in *Benoit*] relied in part upon the circumstances that the assurances

---

[5] California Rules of Court, rule 45 (e) provides: "[Relief from default] The reviewing court for good cause may relieve a party from a default occasioned by any failure to comply with these rules, except the failure to give timely notice of appeal. This rule is applicable to any order granting relief from default made after January 1, 1962."

had been made by the defendants' *trial counsel,* noting that 'the prisoner would be more justified in relying on his counsel who had represented him and might have some continuous concern for him . . . .' [Citation.] [¶] [The *Chavez* court noted by] contrast, in the present case defendant did not seek and did not receive any assurances from his original or substituted trial counsel that counsel would prepare or file a written statement of reasonable grounds for appeal." (*In re Chavez, supra,* 30 Cal.4th at pp. 657–658.) The court "expressly decline[d] to extend the holding of [*Benoit*] to situations in which an attorney not only does not agree to prepare or file a statement of reasonable grounds for appeal, but also does not agree to represent the defendant." (*Ibid.*)

■ Similarly, in the present case, the criteria for application of the principle of constructive filing are not present. There is no indication appellants' counsel agreed to prepare or file a statement of reasonable grounds for appeal and appellants do not demonstrate that they made diligent but futile efforts in seeking to ensure that their attorneys carried out that responsibility. Additionally, appellants were not incarcerated. Appellants' claims are in the nature of the claims made in *Chavez,* seeking relief from default by reason of good cause under California Rules of Court, rule 45(e). ■ Under the authority of *Chavez* we cannot use rule 45(e) to relieve appellants from their default. Additionally, under this authority we conclude the lateness of the certificate of probable cause, issued October 28, 2002, could not be cured by the "nunc pro tunc" order. (See *In re Chavez, supra,* 30 Cal.4th 643, 650.)

At oral argument, counsel for appellant Aguilar asserted *Chavez* could not be applied retroactively to defeat his claim. We disagree. "If a decision does not establish a new rule, 'the decision simply becomes part of the body of case law of this state, and under ordinary principles of stare decisis applies in all cases not yet final. "As a rule, judicial decisions apply 'retroactively.' [Citation.] Indeed, a legal system based on precedent has a built-in presumption of retroactivity." [Citation.]' [Citation.]" (*People v. Crowe* (2001) 87 Cal.App.4th 86, 94–95 [104 Cal.Rptr.2d 319].) "The most common examples of decisions that do not establish a new rule of law in this sense are those which explain or refine the holding of a prior case, those which apply an existing precedent to a different fact situation, even if the result may be said to 'extend' the precedent, or those which draw a conclusion that was clearly implied in or anticipated by previous opinions [citations]." (*People v. Guerra* (1984) 37 Cal.3d 385, 399 [208 Cal.Rptr. 162, 690 P.2d 635].) Under this reasoning, *Chavez* applies retroactively.

For the reasons stated, we must dismiss the appeals.

## DISPOSITION

The appeals are dismissed.

Epstein, J., and Hastings, J., concurred.

Appellant's petitions for review by the Supreme Court were denied December 10, 2003.