Filed 3/5/14  P. v. Morris CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUSTIN JOSEPH MORRIS,<br><br>    Defendant and Appellant. | A140867<br><br>(Napa County<br>Super. Ct. No. CR165433) |

Defendant Justin Joseph Morris seeks leave to file a late notice of appeal from the judgment, entered following his no contest plea, convicting him of second degree burglary, receiving stolen property, unlawfully taking a vehicle, and being a felon in possession of ammunition and sentencing him to six years four months in prison. He contends his failure to file a timely notice of appeal was the product of his trial attorney's inadvertent failure to advise him of his appellate rights so that this court should deem his notice constructively filed within the statutory time limits. We conclude that the doctrine of constructive filing of an appeal is inapplicable in the circumstances of the present case. Accordingly, we shall deny defendant's motion and, on our own motion, dismiss the appeal.

**Background**

The exhibits attached to defendant's motion establish the following facts: At the sentencing hearing on August 8, 2013, the court advised defendant of his appellate rights.

On August 14, defendant's trial counsel wrote a letter to defendant "explaining among other things, the 60-day time limit for a filing of a Notice of Appeal." On August

1

26, however, the county jail returned the letter to counsel with a note indicating that defendant was no longer housed at the jail. On September 5, counsel sent the same letter to defendant at North Kern State Prison, but he mistakenly used an incorrect inmate number and the letter was returned with a note indicating that the inmate had rejected it. On October 1, 2013, counsel emailed the letter to a third party who was handling defendant's affairs, who apparently forwarded the letter to defendant in prison. Defendant claims to have received the letter on October 11, four days after the October 7 deadline for filing a notice of appeal.

On October 17, defendant's trial counsel received a letter from defendant asking where he should send his notice of appeal. Counsel responded by letter with the address for the Napa County Superior Court. On November 12, defendant mailed his late notice of appeal to the superior court.

### Discussion

It is a well-established principal that the time limits for filing a notice of appeal are jurisdictional and cannot be extended. (See, e.g., *In re Chavez* (2003) 30 Cal.4th 643, 650 [a timely notice of appeal is "essential to appellate jurisdiction" and an untimely notice is " ' "wholly ineffectual: [t]he delay cannot be waived, it cannot be cured by nunc pro tunc order, and the appellate court has no power to give relief, but must dismiss the appeal." ' "].) However, the doctrine of constructive filing may provide relief from the failure to file a timely notice of appeal where an incarcerated appellant has reasonably relied upon an agreement with his attorney to timely file a notice of appeal and the appellant has displayed diligent but futile efforts to ensure that the attorney has carried out his responsibility. (*In re Benoit* (1973) 10 Cal.3d 72, 84-86.) In *Chavez*, the court emphasized: "In *Benoit*, we applied the doctrine of constructive filing based upon a *promise* or *representation* made by each defendant's attorney that he would timely file a notice of appeal on his client's behalf. [Citation.] We relied in part upon the circumstance that the assurances had been made by the defendants' trial counsel, noting that "the prisoner would be more justified in relying on his counsel who had represented him and

2

might have some continuous concern for him . . . .' " (*Chavez*, *supra,* at p. 658.) The court explained, however, that constructive filing is not available where "defendant did not seek and did not receive any assurances from his . . . trial counsel that counsel would prepare or file a written statement of reasonable grounds for appeal." (*Ibid*. ["We expressly decline to extend the holding of [*Benoit*] to situations in which an attorney not only does not agree to prepare or file a statement of reasonable grounds for appeal, but also does not agree to represent the defendant."]; see also *People v. Aguilar* (2003) 112 Cal.App.4th 111, 115-116 [Constructive filing is not applicable where "[t]here is no indication appellant's counsel agreed to prepare or file a statement of reasonable grounds for appeal and appellants do not demonstrate that they made diligent but futile efforts in seeking to ensure that their attorneys carried out that responsibility."].)

Nothing in the record before us suggests that defendant's trial counsel promised or agreed to file defendant's notice of appeal. Defendant does not claim that any such promise was made. Indeed, defendant filed the late notice of appeal himself after asking his former counsel only for the proper mailing address. Defendant's trial counsel appears to have been privately retained and there is nothing before us to indicate that he agreed to represent defendant for the purpose of an appeal. The record does indicate, however, that the trial court advised defendant of his appellate rights at the conclusion of his sentencing hearing. Having been properly warned, defendant cannot rely on the absence of a reminder to excuse his late filing.

Defendant's reliance on *Roe v. Flores-Ortega* (2000) 528 U.S. 470 is misplaced. In *Roe*, the United Supreme Court set forth a two-step analysis for reviewing claims of ineffective assistance of counsel for failing to file a notice of appeal in cases similar to this: "In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, we believe the question whether counsel has performed deficiently by not filing a notice of appeal is best answered by first asking a separate, but antecedent, question: whether counsel in fact consulted with the defendant about an appeal. We employ the term 'consult' to convey a specific meaning—advising the

3

defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes. If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal. . . . If counsel has not consulted with the defendant, . . . the court must in turn ask a second, and subsidiary, question: whether counsel's failure to consult with the defendant itself constitutes deficient performance." (*Roe v. Flores-Ortega, supra*, at p. 478.) Rejecting the "bright-line rule that counsel must always consult with the defendant regarding an appeal" (*id.* at p. 480), the court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are non frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing" (*ibid*.). "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." (*Id*. at p. 484.)

Defendant has not filed a petition for habeas corpus seeking relief based on a claim of ineffective assistance of counsel. Defendant has not included a declaration of his own with his moving papers. The accompanying declarations from counsel focus solely on the frustrated attempts to deliver the letter from his prior attorney. Thus, the record before this court is insufficient to permit a determination as to whether the performance of defendant's trial counsel was in any respect deficient.

Defendant argues that counsel's failure to "discharge his duty under *Roe v. Flores-Ortega*[, *supra*,] 528 U.S. 470 . . . was no fault of defendant's and was due to matters akin to court or institutional inadvertence, matters that ordinarily entitle a defendant to relief." We disagree that counsel's unsuccessful attempts to contact him are the equivalent of institutional mistake or delay that frustrates a defendant's otherwise diligent attempt to timely file a notice of appeal. (See *In re Vallery* (1992) 3 Cal.App.4th 1125

4

[incarcerated defendant entitled to relief where court clerk's unawareness of defendant's correct address caused his mail to arrive late or not at all, interfering with his ability to retain counsel and prosecute appeal]; *In re Fierro* (1985) 169 Cal.App.3d 543, 547-548 [incarcerated defendant entitled to relief where failure of Department of Corrections to develop procedures for promptly notifying its own identification bureau of prisoners' changes of address and court clerk's failure to determine his correct address resulted in defendant's failure to timely receive the notice that his appeal was about to be dismissed].)

In sum, petitioner is not entitled to relief from filing his late notice of appeal under the doctrine of constructive filing. Accordingly, we shall dismiss the appeal, but we do so without prejudice to the filing of a petition for habeas corpus should such be warranted.

## Disposition

The motion for constructive filing of the notice of appeal is denied. The appeal is dismissed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Jenkins, J.

5