Filed 4/27/22

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>FRANKIE JAMES WEISNER,<br><br>    Defendant and Appellant. | C095039<br><br>(Super. Ct. No.<br>LODCRFE20170002477) |

APPEAL from a judgment of the Superior Court of San Joaquin County, Richard J. Guiliani, Judge.  Dismissed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Frankie James Weisner pleaded no contest to second degree robbery (Pen. Code § 211) (statutory section citations that follow are to the Penal Code), and

1

grand theft (§ 487, subd. (c)), and admitted he personally used a firearm in the robbery (§ 12022.5, subd. (a)). After his initial appeal was denied as untimely, defendant sought to reduce his conviction on the grand theft count to a misdemeanor under section 1170.18, which the trial court denied. Defendant appeals from the trial court's order denying his petition for resentencing.

## FACTS AND HISTORY OF THE PROCEEDINGS

This appeal comes to us ostensibly pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and following defendant's filing of a pro. per. supplemental brief arguing (1) the trial court improperly sentenced him contrary to his original plea agreement, (2) his counsel was ineffective and concealed evidence, and (3) the prosecution refused to disclose exculpatory evidence in the original proceedings.

We note that the trial court denied defendant's two requests for certificates of probable cause. Despite the expansive claims in the notice of appeal, the only issue cognizable on appeal is the denial of his motion to reduce the grand theft charge to a misdemeanor. (Cal. Rules of Court, rule 8.304(b)(3); *People v. Aguilar* (2003) 112 Cal.App.4th 111, 114.)

## DISCUSSION

Review pursuant to *Wende* or its federal constitutional counterpart *Anders v. California* (1967) 386 U.S. 738 (*Anders*) is required only in the first appeal of right from a criminal conviction. (*Pennsylvania v. Finley* (1987) 481 U.S. 551, 555; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537; *People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501.)

California's "*Wende* procedure" does not apply to appeals such as this one which is from a denial of postconviction relief. (*People v. Figueras* (2021) 61 Cal.App.5th 108, 111, review granted May 12, 2021, S267870; *People v. Flores* (2020) 54 Cal.App.5th 266, 271; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1032, review

granted Oct. 14, 2020, S264278 (*Cole*).)  This is so because this is not the defendant's first appeal as of right.  (See *In re Sade C.* (1996) 13 Cal.4th 952, 986 (*Sade. C.*) [*Wende/Anders* review "mandated for only one [situation]—the indigent criminal defendant in his first appeal as of right"].)

In *Figueras*, this court said, quoting *Cole*, "we 'reject the notion that the Constitution compels the adoption or extension of *Wende* procedures (or any subset of them) for appeals other than a criminal defendant's first appeal of right because, beyond that appeal, there is no right to the effective assistance of counsel.  Time and again, the United States Supreme Court and our Supreme Court have rejected the very same argument.  (See [*Pennsylvania v*.] *Finley*[*, supra,*] 481 U.S. [at p.] 555; [*Conservatorship of*] *Ben C*.[*, supra,*] 40 Cal.4th [at pp.] 538-543; [[*Sade C., supra,*] 13 Cal.4th [at pp.] 986-993.)'  (*Cole, supra,* 52 Cal.App.5th at p. 1034, review granted; *People v. Flores*[*, supra*] 54 Cal.App.5th [at p.] 271.)"  (*Figueras, supra,* 61 Cal.App.5th at p. 111, review granted.)  Thus, these courts held the Constitution does not require "the adoption or extension" of *Wende* procedures to appeals from postconviction proceedings.

Once we hold an appeal from a denial of postconviction relief is not subject to *Wende* review, we then have before us a "standard" appeal from an order denying postconviction relief in which defendant, through counsel, has stated there are no issues that properly can be raised on appeal.  Under these circumstances, the appeal is abandoned and we will dismiss it.

In reaching this conclusion, we start with the question whether the appellate court can or should or must review the record looking for error when the defendant's counsel has found none and has so declared.  In *Sade C., supra*, 13 Cal.4th 952, our supreme court considered whether the "prophylactic" procedures of *Anders* and *Wende* applied to an indigent parent's appeal from a judgment or order adversely affecting a parent's right to the custody of a child or the parent's status as a parent of the child.  The Court

3

concluded they did not. (*Sade C*., at p. 990.) As to a concern that the risk of the absence of *Anders* (and *Wende*) procedures will lead to an erroneous resolution of an appeal, the Court said: "As a practical matter, we believe that the chance of error is negligible. We do not ignore the fact that such error may be irremediable. (See, e.g., *Adoption of Alexander S*. (1988) 44 Cal.3d 857, 868 [].) Nevertheless, our consideration of the many cases that have come before us on petition for review reveals that appointed appellate counsel faithfully conduct themselves as active advocates [on] behalf of indigent parents. This causes no surprise: the attorneys are enabled, and indeed encouraged, to effectively represent their clients by the procedural protections accorded them in the Court of Appeal, including the right to precedence over all other causes (Welf. & Inst. Code, § 395), which parallel those accorded them in the juvenile court (see, e.g., *In re Marilyn H*.[ (1993)] 5 Cal.4th [295,] 306-310). In accord is the experience of Division One of the Fourth Appellate District of the Court of Appeal, as it recently recounted in *In re Angelica V*. having applied the procedures in question for more than a decade under its holdings in *Brian B*. [(1983) 141 Cal.App.3d 397] and *Joyleaf W*. [(1984) 150 Cal.App.3d 865], the court declared that 'we have discovered, to the best of our present recollection, no unbriefed issues warranting further attention.' (*In re Angelica V*.[ (1995)] 39 Cal.App.4th [1007,] 1015, italics added [holding the Court of Appeal would no longer apply *Wende* procedures to parental rights cases].) As a result, it judged the procedures 'unproductive' (*id*. at p. 1016), and overruled *Brian B*. and *Joyleaf W*." (*Sade C., supra*, 13 Cal.4th at p. 990.)

Our Supreme Court continued, "we believe that the requirement of fundamental fairness contained in the Fourteenth Amendment's due process clause does not compel imposition of *Anders*'s 'prophylactic' procedures. Procedures that are practically 'unproductive,' like those in question, need not be put into place, no matter how many and how weighty the interests that theoretically support their use. To be sure, these procedures may have 'symbolic' value of some kind. (*Santosky v. Kramer* [(1981)]

4

455 U.S. [745,] 764 [].)  Such value, however, is too slight to compel their invocation."
(*In re Sade C., supra,* 13 Cal.4th at pp. 990-991, fn. omitted.)

These observations apply equally to review of postconviction relief orders and the court is not required, in order to satisfy due process or otherwise, to review the record in these cases once counsel has stated counsel can find no arguable issues on appeal nor are we required to accept and resolve issues raised individually by the defendant.

We acknowledge there is disagreement among the California Courts of Appeal regarding the proper disposition of non-*Wende* appeals where, as here, the defendant/appellant has chosen to raise issues in the appeal on his own and notwithstanding the fact that his appointed counsel has reported to the court he or she cannot find any arguable appellate issues.  Must or should the court review and resolve those issues, thus adopting the *Wende* procedure in a non-*Wende* appeal?

"The general rule that a defendant who is represented by an attorney of record will not be personally recognized by the court in the conduct of his case (*People v. Merkouris* (1956)[] 46 Cal.2d 540, 554) applies to the filing of *pro se* documents on appeal (*Electric Utilities Co. v. Small-page* (1934), 137 Cal.App. 640, 641-642)." (*People v. Mattson* (1956) 51 Cal.2d 777, 798 (*Mattson*).)

"[T]here is no right—constitutional, statutory, or otherwise—to self-representation in a criminal appeal in California.  (See *People v. Stanworth* (1969) 71 Cal.2d 820, 834-835[] [no right to dismiss counsel in capital appeals]; *People v. Scott*[ (1998)] 64 Cal.App.4th [550,] 569 573[] [noncapital appeals].)  In particular, neither the Sixth Amendment nor the due process clause of the Fourteenth Amendment to the federal Constitution furnishes a basis for finding such a right.  (*Martinez*[ *v. Court of Appeal of Cal., Fourth Appellate Dist.* (2000)] 528 U.S. [152,] 160-163[] [(*Martinez*)].)  As the United States Supreme Court recently explained, the sole constitutional right to self-representation derives from the Sixth Amendment, which pertains strictly to the basic rights that an accused enjoys in defending against a criminal prosecution and does not

5

extend beyond the point of conviction.  (*Martinez, supra*, 528 U.S. at pp. 154, 160-161.)  Emphasizing that the change in one's position from 'defendant' to 'appellant' is a significant one, the high court found that the balance between a criminal defendant's interest in acting as his or her own lawyer and a state's interest in ensuring the fair and efficient administration of justice 'surely tips in favor of the [s]tate' once the defendant is no longer presumed innocent but found guilty beyond a reasonable doubt.  (*Id*. at p. 162.)  Consequently, the court concluded, states may exercise broad discretion when considering what representation to allow and may require an indigent inmate 'to accept against his will a state-appointed attorney' for representation on a direct appeal without violating the federal Constitution.  (*Martinez, supra*, 528 U.S. at p. 164.)

"As relevant here, represented capital inmates are not permitted to present their automatic appeals personally to this court.  That is, such inmates have no right personally to supplement or supersede counsel's briefs and arguments on the merits of their appeals.  ([*People v.*] *Clark*[ (1992)] 3 Cal.4th [41,] 173 [(*Clark*)]; *Mattson*, *supra*, 51 Cal.2d [777,] 798.)  As we explained in *Mattson*, pro se submissions pertaining to an appeal will not be filed or considered '[b]ecause of the undesirability of fruitlessly adding to the burdens of this court the time-consuming task of reading *pro se* documents which are not properly before us, and, if they be read, of consequently enlarging [the] opinion by a recountal and discussion of the contentions made in propria persona . . . .'  (*Mattson, supra*, 51 Cal.2d at p. 798.)

"Thus, all appellate motions and briefs must be prepared and filed by counsel and may not be submitted pro se.  (*Clark, supra*, 3 Cal.4th at p. 173.)  Although we will accept and consider pro se motions regarding representation (i.e., *Marsden* motions to substitute counsel), such motions 'must be clearly labeled as such' and 'must be limited to matters concerning representation.'  (*Clark, supra*, 3 Cal.4th at p. 173.)  *Any other pro se document* offered in an appeal 'will be returned unfiled' (*ibid*.), or, if mistakenly filed, will be stricken from the docket (*Mattson, supra*,

6

51 Cal.2d at p. 798).'' (*In re Barnett* (2003) 31 Cal.4th 466, 473-474 (*Barnett)*, italics added; accord, *Clark,* at p. 173, overruled on other grounds in *People v. Pearson* (2013) 56 Cal.4th 393, 462 [reiterating the rule a defendant who is represented by an attorney will not be personally recognized by the court in the conduct of his case applies only to a defendant's filing of *pro se* documents on appeal].)

Although *Barnett* was a capital appeal, notably, the Supreme Court cited with approval *People v. Scott* and *Mattson,* thus extending the same appellate rules to noncapital appeals.

Thus, in a non-*Wende* appeal, the defendant, as an individual, does not have the right to submit his or her own arguments to the court for resolution.

Some appellate courts have adopted a procedure that allows them to consider and decide an appellant's arguments raised in his or her own supplemental briefs by turning to the court's supervisory power to control the proceedings before it. (See, e.g., *People v. Cole, supra,* 52 Cal.App.5th 1023, review granted.) Those courts lack that authority given the California Supreme Court's holdings in *Mattson, Clark,* and *Barnett*.

The issues we here consider are pending before our Supreme Court and the court may in the future extend what have become known as "*Wende* procedures" to appeals such as this one from orders denying postconviction relief. But it must be left up to that court to do so. Until it does, appeals such as the one presently before us must be considered abandoned and ordered dismissed.

7

DISPOSITION

The appeal is dismissed.

_____
HULL, J.

I concur:

_____
BLEASE, Acting P. J.

Renner, J., Dissenting.


I respectfully dissent.  I disagree with the majority's conclusion that we lack the authority to consider and decide defendant's arguments raised in his supplemental brief under our supervisory power.  (Maj. opn., at p. 7.)  (*In re Phoenix H*. (2009) 47 Cal.4th 835, 844.)  Other courts of appeal have authorized the filing of a supplemental brief by a defendant in an appeal from the denial of postconviction relief when counsel has filed a brief advising the appellate court that there are no arguable issues on appeal.  (E.g., *People v. Gallo* (2020) 57 Cal.App.5th 594, 598 ["We offered defendant an opportunity to file a personal supplemental brief, and he has not done so"]; *People v. Cole* (2020) 52 Cal.App.5th 1023, 1028, 1039, rev. granted Oct. 14, 2020, S264278.)  This court has implicitly done so as well.  (See *People v. Figueras* (2021) 61 Cal.App.5th 108, 113, rev. granted May 12, 2021, S267870 ["Because defendant has not filed a supplemental brief, we dismiss the appeal as abandoned"].)  While we await further guidance from our Supreme Court on what procedures we must follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit, I would address the issues raised in defendant's pro per supplemental brief.


RENNER, J.

1