Filed 5/12/22  P. v. Harper CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D078886 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. Nos. ECR12538 & ECR12540) |
| STEVEN BOYD HARPER, | |
| Defendant and Appellant. | ORDER MODIFYING OPINION AND DENYING PETITION FOR REHEARING |
| | NO CHANGE IN JUDGMENT |

THE COURT:

It is ordered that the opinion filed herein on April 28, 2022, be modified as follows:

On page 12, at the end of the last sentence of the last paragraph, add the following as footnote 3:

> In a petition for rehearing, Harper contends we failed to address the following claim in his motion for constructive filing of a notice of appeal:  "Whether trial counsel was ineffective in failing to file a timely notice of appeal, and if so, whether the doctrine of constructive filing applies under *Roe v. Flores-Ortega* (2000) 528 U.S. 470."  Harper, however, did not properly present this claim.  In a section of the motion labeled "Ineffective Assistance Of Counsel," Harper generally

discussed the rule from *Roe* that a defendant may establish ineffective assistance of counsel by showing loss of the right to appeal due to counsel's failure to follow an express instruction to take an appeal or failure to consult about an appeal when there is reason to think either that the defendant manifested an interest in appealing or that a rational defendant would want to appeal. (*Id.* at pp. 478, 480, 484.) Harper did not go on to explain how *Roe* applies to the specific facts of his case, and as noted in the text, he submitted no declarations that would support its application. We need not consider such an undeveloped claim of ineffective assistance of counsel. (See *In re Reno* (2012) 55 Cal.4th 428, 499-500 [unexplained assertions of ineffective assistance of counsel do not state prima facie case]; *People v. Carroll* (2014) 222 Cal.App.4th 1406, 1412, fn. 5 [appellate court need not consider claim unsupported by analysis].) Furthermore, instead of arguing Fernandes performed deficiently by not filing a timely notice of appeal, Harper argued this court should exercise its discretion to grant the motion for constructive filing based on Fernandes's late receipt of the order denying the section 1170.95 petition, her "good faith" attempt to perfect an appeal by moving for reconsideration and appealing the order denying that motion, and the public policy in favor of deciding appeals on their merits. As we explained in the text, however, Harper did not proceed with the diligence required by the constructive filing doctrine.

There is no change in judgment.

The petition for rehearing is denied.

O'ROURKE, Acting P. J.

Copies to: All parties

2

Filed 4/28/22  P. v. Harper CA4/1 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STEVEN BOYD HARPER,<br><br>    Defendant and Appellant. | D078886<br><br><br>(Super. Ct. Nos. ECR12538 & ECR12540) |


APPEAL from an order of the Superior Court of San Diego County, Daniel G. Lamborn, Judge.  Dismissed.

Joanna McKim, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Acting Assistant Attorney General, Steve Oetting and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.


Steven Boyd Harper purports to appeal the order denying his motion for reconsideration of the order denying his petition for resentencing under

Penal Code section 1170.95.[1]  He did not appeal the order denying the petition before the time to do so had expired and subsequently filed the motion for reconsideration.  After the People argued in their brief the order denying the reconsideration motion was not appealable, Harper filed a motion for constructive filing of a notice of appeal from the order denying the resentencing petition.  Because the order denying the reconsideration motion is not appealable and Harper did not diligently seek constructive filing of a notice of appeal from the order denying the section 1170.95 petition, we deny the constructive filing motion and dismiss the appeal.

I.

BACKGROUND

A.    *Murder Conviction*

On May 20, 2000, Harper and other members of his criminal street gang armed themselves and went to the apartment of a drug dealer to rob him.  During the encounter, the drug dealer was shot and killed.  A jury found Harper guilty of felony murder, found true an attached gang enhancement allegation, and found not true an allegation he personally and intentionally discharged a firearm causing death.  On October 12, 2001, the superior court sentenced Harper to prison for 25 years to life for the murder plus a consecutive prison term of 10 years for the gang enhancement.  On appeal, this court modified the judgment by striking the gang enhancement and imposing a 15-year minimum parole eligibility period and affirmed the judgment as modified.  (*People v. Harper* (2003) 109 Cal.App.4th 520, 527-528 (*Harper*).)

---

[1]    Subsequent undesignated section references are to the Penal Code.

B.    *Section 1170.95 Petition*

Effective January 1, 2019, the Legislature changed the felony-murder rule "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § l, subd. (f).)  It did so by adding subdivision (e) to section 189:  "A participant in the perpetration or attempted perpetration of [a specified felony] in which a death occurs is liable for murder only if one of the following is proven:  [¶]  (1) The person was the actual killer.  [¶]  (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶]  (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2." (Stats. 2018, ch. 1015, § 3.)  The Legislature also added section 1170.95 to set out the procedure for providing relief to those convicted of felony murder who could not be convicted under new subdivision (e) of section 189.  (Stats. 2018, ch. 1015, § 4.)

On January 9, 2019, Harper, proceeding in propria persona, filed a form petition for resentencing under section 1170.95.  He checked boxes stating an accusatory pleading had been filed that allowed prosecution under a theory of felony murder; he was convicted of first degree murder under the felony-murder rule; and because of the changes to section 189 that took effect on January 1, 2019, he could not now be convicted of first degree murder. Harper also checked boxes on the form petition stating he was not the actual killer, did not aid and abet the actual killer with intent to kill, and was not a

3

major participant in the felony during which the victim was killed and did not act with reckless indifference to human life in the felony.

The superior court appointed counsel for Harper and the parties jointly moved to stay proceedings to await appellate decisions on the constitutionality of section 1170.95. After the stay was lifted, the People filed opposition to Harper's section 1170.95 petition in which they argued, based on facts recited in the opinion deciding the appeal of Harper's codefendant,[2] that Harper was ineligible for relief because he was the actual killer. In reply, Harper argued he had met his burden to state a prima facie case for relief and was entitled to issuance of an order to show cause and an evidentiary hearing, because his allegations had to be accepted as true and the court could not rely on the opinion in the codefendant's appeal to resolve factual issues about whether Harper was the actual killer. The superior court agreed with the People that Harper was the actual killer and denied the petition on October 8, 2020. On the same day, the clerk served copies of the denial order on counsel for the parties via interdepartmental mail.

C.    *Motion for Reconsideration*

On March 25, 2021, Harper's attorney filed a motion for reconsideration of the order denying his petition for resentencing under section 1170.95. The attorney alleged neither she nor Harper had received a copy of the denial order and first learned of the denial on March 8, 2021, after she contacted the superior court by e-mail. Harper again contended the court could not rely on the facts recited in the opinion on his codefendant's appeal and cited the same authority cited in the reply in support of the section

---

[2]    *People v. Hooper* (Dec. 30, 2003, D039721) [nonpub. opn.]. The opinion in Harper's appeal contained no statement of facts because "Harper raise[d] no factual issues." (*Harper*, *supra*, 109 Cal.App.4th at p. 523, fn. 2.)

4

1170.95 petition. No declaration or other document accompanied the motion. The court denied the motion on April 14, 2021, and served the denial order via interdepartmental mail the following day.

D.    *Appeal*

On April 30, 2021, Harper filed a form notice of appeal. He identified the subject of the appeal as the April 14, 2021 order denying the motion to reconsider the order denying the section 1170.95 petition.

## II.

## DISCUSSION

Harper contends the superior court prejudicially erred by denying his section 1170.95 petition at the prima facie review stage based on facts recited in the opinion on his codefendant's appeal, because a court presented with such a petition may not resolve factual issues without first issuing an order to show cause and holding an evidentiary hearing. The People contend the appeal should be dismissed because Harper did not appeal the order denying the section 1170.95 petition and the order denying the motion for reconsideration of the former order is not appealable. The People further contend that if the appeal is allowed to proceed on the merits, reversal and remand for further proceedings are required because the record of conviction does not conclusively establish Harper's ineligibility for relief. Harper did not file a reply brief but did file a motion for constructive filing of a notice of appeal from the order denying his section 1170.95 petition. As we shall explain, the appeal must be dismissed because the order denying the reconsideration motion is not appealable and Harper did not exercise due diligence in seeking constructive filing of a notice of appeal from the order denying his section 1170.95 petition.

5

A.      *Appealability of Order Denying Motion for Reconsideration*

We first address the appealability of the order denying Harper's motion for reconsideration of the order denying his petition for resentencing under section 1170.95.  A defendant may appeal "[f]rom *any* order made after judgment, affecting the substantial rights of the party." (§ 1237, subd. (b), italics added.)  Despite this broad language, the Supreme Court of California has acknowledged that "[o]rdinarily no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment." (*People v. Thomas* (1959) 52 Cal.2d 521, 527 (*Thomas*); accord, *People v. Orrante* (1962) 201 Cal.App.2d 553, 558 (*Orrante*); *People v. Carkeek* (1939) 35 Cal.App.2d 499, 503.)  "In such a situation appeal from the judgment is an adequate remedy; allowance of an appeal from the order denying the motion to vacate would virtually give defendant two appeals from the same ruling and, since there is no time limited [*sic*] within which the motion may be made, would in effect indefinitely extend the time for appeal from the judgment." (*Thomas*, at p. 527; accord, *People v. Gallardo* (2000) 77 Cal.App.4th 971, 981; *Carkeek*, at p. 506.)  The rule from *Thomas* applies equally to this appeal, because the error of which Harper complains could have been reviewed on appeal from the order denying his section 1170.95 petition (see *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597 (*Teal*) [postjudgment order denying section 1170.126 resentencing petition is appealable]), and allowing an appeal from the order denying the reconsideration motion effectively would give him two appeals from the same ruling and would extend the appeal period indefinitely.

It does not matter to appealability that *Thomas*, *supra*, 52 Cal.2d 521, involved a motion to vacate a judgment while this appeal involves a motion

6

for reconsideration of a postjudgment order.  For reasons similar to those given in *Thomas*, courts have recognized that "[a]n order made after judgment is not appealable where the motion merely asked the court to repeat or overrule a former ruling on the same facts." (*People v. Rick* (1952) 112 Cal.App.2d 410, 412; accord, *People v. Palmer* (1942) 49 Cal.App.2d 579, 580; see *In re Timothy N.* (1975) 48 Cal.App.3d 862, 867 ["unless the motion for rehearing involves entirely new, previously unlitigated issues, a party may not extend the time for appeal by moving for rehearing and attempting to appeal from the denial"]; *People v. De Leon* (1965) 236 Cal.App.2d 530, 532-533 [dismissing appeal from "order denying motion for new trial upon reconsideration"].)  In his motion for reconsideration, Harper made the same argument and cited the same authority as he had in the reply in support of his section 1170.95 petition.  An order denying a postjudgment motion is not appealable, however, "where the motion merely seeks to change the former decision on the same facts and where the grounds of the motion existed before the entry of the original order and were available on an appeal from such order." (*Orrante, supra,* 201 Cal.App.2d at p. 558; accord, *Palmer*, at p. 580.)  Hence, the order denying Harper's reconsideration motion is not appealable, and the appeal of that order must be dismissed.  (*People v. Baltazar* (2020) 57 Cal.App.5th 334, 342; *People v. Leonard* (2002) 97 Cal.App.4th 1297, 1300.)

B.    *Motion for Constructive Filing of Notice of Appeal from Order Denying Section 1170.95 Petition*

Implicitly conceding the order denying the reconsideration motion is not appealable, Harper belatedly seeks to appeal the order denying the section 1170.95 petition by motion for constructive filing of a notice of appeal from that order.  He argues he could not timely appeal the order denying the section 1170.95 petition because neither he nor his attorney was served with a copy of the order, his attorney did not obtain one until after the time to

7

appeal had expired, and she then in good faith tried to perfect the appeal by filing the motion for reconsideration and appealing the order denying that motion. The record does not warrant application of the constructive filing doctrine to save Harper's untimely appeal.

A criminal defendant who wants to appeal a postjudgment order must file a notice of appeal "within 60 days after . . . the making of the order." (Cal. Rules of Court, rule 8.308(a).) A notice of appeal filed after expiration of the 60-day period is " 'wholly ineffectual,' " and the appeal must be dismissed for lack of jurisdiction. (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094 (*Mendez*); accord, *In re G.C.* (2020) 8 Cal.5th 1119, 1127.) The superior court filed the order denying Harper's petition for resentencing under section 1170.95 on October 8, 2020. That order was immediately appealable. (§ 1237, subd. (b); *Teal, supra*, 60 Cal.4th at p. 597.) Sixty days later was December 7, 2020, but Harper did not file a notice of appeal until April 30, 2021, after the superior court denied his motion for reconsideration of the order denying the section 1170.95 petition. Even if that notice were construed to encompass the October 8, 2020 order, it would be untimely as to that order and we therefore would have no jurisdiction to review it. (*In re G.C.*, at p. 1127.)

Harper cannot escape the untimeliness problem by invoking the doctrine of constructive filing. Under that doctrine, a notice of appeal not actually filed within the prescribed period will be deemed filed within the period if an incarcerated appellant either delivered the notice of appeal to custodial officials for mailing within the period (*People v. Slobodion* (1947) 30 Cal.2d 362, 366-367), or arranged with the appellant's attorney to file a notice of appeal within the period (*In re Benoit* (1973) 10 Cal.3d 72, 86). To invoke the doctrine successfully, the appellant must make an evidentiary showing

8

"that he did all he could to take the appeal but was thwarted by the acts of prison officials or that he was lulled into a false sense of security by their conduct or representations" (*ibid.*; accord, *People v. Lyons* (2009) 178 Cal.App.4th 1355, 1362 (*Lyons*)), or that he " 'has made arrangements with his attorney for the filing of a timely appeal and has displayed diligent but futile efforts in seeking to insure that the attorney has carried out his responsibility' " (*In re Chavez* (2003) 30 Cal.4th 643, 657; accord, *People v. Aguilar* (2003) 112 Cal.App.4th 111, 115 (*Aguilar*)).  The showing may be made by either a verified petition for writ of habeas corpus or a noticed motion.  (*People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1063; *Lyons*, at p. 1362.)  Harper has not made the required showing in his motion.

Harper submitted no declaration or other evidence showing he wanted to appeal the order denying his section 1170.95 petition; what steps, if any, he took to file a notice of appeal himself; what arrangements, if any, he made with his attorney to file a notice of appeal; or what efforts, if any, he undertook to make sure his attorney filed one.  The only evidence submitted in support of the motion for constructive filing is a declaration from Vickie Fernandes, the attorney who represented Harper in the section 1170.95 proceeding.  According to Fernandes, during the first summer of the COVID-19 pandemic, she and all other attorneys in her office were working remotely; "[s]taff was going into the office periodically to check the mail," but "it was very common that things never got to us"; and she never received a copy of the order denying the petition in October 2020.  Fernandes stated that on March 7, 2021, she sent an e-mail to the superior court clerk, the court staff attorney, and the prosecutor to follow up on the status of the petition; the staff attorney informed her the petition had been denied; and the prosecutor sent her a copy of the denial order via e-mail the next day.  Fernandes did not

9

describe her discussions, if any, with Harper about appealing the denial of the section 1170.95 petition. Instead of filing a motion for constructive filing of a notice of appeal from the denial order, she filed a motion for reconsideration of the order on March 25, 2021, in which she acknowledged "[t]he time in which to file a timely notice of appeal had lapsed," and later appealed the order denying the motion. Not until after the People disputed the appealability of that order—nine months after the appeal had been taken and nearly 11 months after Fernandes had obtained a copy of the order denying the section 1170.95 petition—did the attorney appointed to represent Harper on appeal file a motion for constructive filing of a notice of appeal from the order denying the petition. Although the alleged lack of service of the denial order might excuse Harper from not having filed a notice of appeal within 60 days of issuance of the order, it cannot excuse the additional 11-month delay in moving for constructive filing of a notice of appeal after learning of the denial order and acknowledging the appeal period had expired. "Excuse once established cannot be deemed a palliative for a continuing failure to act after the disability which justified the initial failure has been removed." (*In re Anderson* (1971) 6 Cal.3d 288, 293 (*Anderson*).) Harper thus did not pursue his appellate remedy with the diligence demanded by the constructive filing doctrine. (See *In re Chavez, supra*, 30 Cal.4th at pp. 658-659; *In re Benoit, supra*, 10 Cal.3d at p. 89; *Lyons, supra*, 178 Cal.App.4th at p. 1362; *Aguilar, supra*, 112 Cal.App.4th at p. 116.) Where, as here, "there is no showing of a convincing excuse for delay, the appeal must be dismissed." (*People v. Riser* (1956) 47 Cal.2d 594, 596.)

Harper nevertheless urges us to retain the appeal by relying on "California's public policy in favor of hearing appeals on their merits and not depriving a party of his or her right to appeal because of technical

10

noncompliance." He contends that policy "is especially applicable in this case" because it involves a legislatively authorized resentencing procedure and the People agree the trial court erred by denying the section 1170.95 petition without issuing an order to show cause and holding an evidentiary hearing. We are not persuaded.

It is true that "liberality is the keynote in excusing noncompliance" with the requirements for perfecting an appeal. (*Anderson, supra*, 6 Cal.3d at p. 293.) The policy in favor of deciding appeals on their merits allows an appellate court, for example, liberally to construe a notice of appeal from a nonappealable order as encompassing a prior appealable judgment (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20-22), or to relieve an appellant from a procedural default in record preparation or in filing an opening brief (*Jarkieh v. Badagliacco* (1945) 68 Cal.App.2d 426, 431-433; *Lundy v. Lakin* (1949) 89 Cal.App.2d 849, 852). Such "technical noncompliance," as Harper calls it, is not at issue here, however, because "the filing of a timely notice of appeal is a jurisdictional prerequisite. 'Unless the notice is actually or constructively filed within the appropriate filing period, an appellate court is without jurisdiction to determine the merits of the appeal and must dismiss the appeal.' " (*Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113; see *Anderson*, at pp. 293-294 ["it should not be overlooked that the time limit provided by rule [8.308(a) of the California Rules of Court] 'may not be extended' [except in cases of public emergency], and is jurisdictional"].) As discussed above, Harper neither filed a timely notice of appeal nor diligently sought constructive filing of a notice of appeal once he learned the trial court had denied his section 1170.95 petition. The People's concession the court erred does not allow Harper to avoid the default and give this court power to

11

correct the error.  (See *Reyes v. Kruger* (2020) 55 Cal.App.5th 58, 70-71 [without actual or constructive filing of notice of appeal within prescribed time, appellate court " 'lacks all power to consider the appeal on its merits' "]; *McClain v. Kissler* (2019) 39 Cal.App.5th 399, 424 [when a party fails to exercise due diligence to ascertain what the law requires, the court should not grant relief from default].)

Moreover, the policy favoring decision of appeals on their merits is not the only policy that must be considered.  There is also the policy "to further the finality of judgments by causing the defendant to take an appeal expeditiously or not at all." (*Mendez, supra*, 19 Cal.4th at p. 1094; see *People v. DeLouize* (2004) 32 Cal.4th 1223, 1232 ["A party's failure to file a timely appeal from an appealable order generally shows acquiescence in the ruling"]; Civ. Code, § 3527 ["The law helps the vigilant, before those who sleep on their rights"].)  "Were we to come to appellant's aid at this late hour, we would be doing little to foster the concept of finality of judgment." (*Lyons, supra*, 178 Cal.App.4th at p. 1363.)  We therefore decline to do so.

## III.

## DISPOSITION

The motion for constructive filing of a notice of appeal is denied, and the appeal is dismissed.

IRION, J.

WE CONCUR:


O'ROURKE, Acting P. J.


AARON, J.