Filed 11/12/24  P. v. Richards CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>LEE ROBERT RICHARDS,<br><br>　　Defendant and Appellant. | B336415<br><br>(Los Angeles County<br>　Super. Ct. No. KA059316) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Jaqueline H. Lewis, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, and Lauren N. Guber, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

The California Department of Corrections and Rehabilitation (CDCR) notified the trial court that defendant Lee Robert Richards was potentially eligible for relief under Penal Code section 1172.75.[1]  On March 8, 2023, the trial court determined Richards was ineligible for relief as a matter of law. No appeal was taken from that order.  On December 28, 2023, the trial court denied Richard's motion for resentencing under section 1172.75.  Richards filed a notice of appeal from that order.  On appeal, Richards argues the December 28, 2023 order can be construed as an appealable order, or alternatively, requests constructive filing of a notice of appeal from the March 8, 2023 order.  Because the December 28, 2023 order denying his motion is not appealable and Richards did not diligently seek constructive filing of a notice of appeal from the March 8, 2023 order, we dismiss the appeal.

## RELEVANT BACKGROUND

In March 2003, a jury found Richards guilty of failing to file a change of address as a registered sex offender (§ 290, subd. (f)(1).)  The court found true the allegations that Richards suffered four prior strike convictions (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(d)), consisting of four 1994 convictions for committing a lewd act on a child (§ 288, subd. (a)), and that he served a prior prison term (§ 667.5, subd. (b)) for one of the 1994 convictions. Richards was sentenced to 25 years to life in state prison, with the prior prison term stayed.

---

[1]	All further statutory references are to the Penal Code unless otherwise stated.

2

The superior court received notice the CDCR placed Richards on a list of individuals who were potentially eligible for resentencing under section 1172.75.  On March 8, 2023, the court found Richards was ineligible for resentencing.  The court reasoned Richards was not currently serving a sentence that included a prior prison term enhancement (§ 667.5, subd. (b)) because that enhancement was stayed.  No appeal was taken from this order.

On December 12, 2023, Richards, through the Los Angeles County Public Defender's Office, filed a motion for resentencing under section 1172.75.  Richards acknowledged the court's March 8, 2023 order but moved for a resentencing hearing because he was not present or represented by counsel.  On December 28, 2023, the trial court denied the motion, explaining there was no requirement under the statute to appoint counsel or that a defendant be present "if the Court finds that the current judgment does not include a sentencing enhancement described in subdivision (a)" of section 1172.75.  The court reiterated it did not find the current sentence as including such an enhancement.

Richards filed a notice of appeal from this order.

## DISCUSSION

I.  *Applicable Law*

When Richards was convicted and sentenced, defendants were subject to a one-year prison term enhancement for each true finding on allegations they had served a prior prison term and had thereafter remained free from custody for at least five years.  (Former § 667.5, subd. (b).)  Effective January 1, 2020, as enacted pursuant to Senate Bill No. 136, section 667.5, subdivision (b) was amended to limit prior prison term enhancements to prior terms imposed for sexually violent offenses "as defined in subdivision (b) of

3

Section 6600 of the Welfare and Institutions Code." (Stats. 2019, ch. 590, § 1; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 445 (*Escobedo*).)

The Legislature subsequently enacted Senate Bill No. 483, which sought to make the changes effected by Senate Bill No. 136 retroactive. (Stats. 2021, ch. 728, § 1; *Escobedo, supra*, 95 Cal.App.5th at p. 445.) This bill went into effect on January 1, 2022, and added former section 1171.1 (now section 1172.75) to the Penal Code. (*Ibid*.) Section 1172.75 provides that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, *except for any enhancement imposed for a prior conviction for a sexually violent offense* . . . is legally invalid." (§ 1172.75, subd. (a), italics added.)[2]

The statute also establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements. Subdivision (b) directs CDCR and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and . . . provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).) After the trial court receives from the CDCR and county correctional administrator the information included in subdivision (b) of the statute, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

---

[2]     Richards' enhancement under section 667.5, subdivision (b) is based on a prior conviction for a lewd act on a child (§ 288, subd. (a)), which is a sexually violent offense as a matter of law. (Welf. & Inst. Code, §§ 6600, subd. (b), 6600.1.)

II.    *Analysis*

We first address the appealability of the December 28, 2023 order denying Richards' motion for resentencing under section 1172.75.  Richards concedes that to the extent the appeal is from the trial court's ruling from a defendant-initiated motion, it is not appealable.  (*People v. Escobedo, supra,* 95 Cal.App.5th at pp. 447–449.)  However, Richards argues we could consider the motion "as a motion to have a proper hearing as triggered by the CDCR notice."  Richards cites no authority to support the appealability of the court's denial order of such a motion.  In fact, we find the opposite.  The CDCR's identification of a defendant does not authorize the filing of a motion for resentencing and therefore also does not authorize an appeal from the order denying that motion.  (*Id.* at p. 450.)  Thus, Richards' appeal must be dismissed.

Implicitly conceding the order denying his petition is not appealable, Richards belatedly requests that we constructively file a notice of appeal from the March 8, 2023 order.  He argues he could not timely appeal the order finding him ineligible for relief under section 1172.75 because he was not present or represented by counsel at the hearing.  In addition, appellate counsel postulates that "[t]here is no indication that [he] received notification of this ruling."  However, the record does not warrant application of the constructive filing doctrine to save defendant's  untimely appeal.

A criminal defendant who wants to appeal a postjudgment order must file a notice of appeal "within 60 days after . . . the making of the order." (Cal. Rules of Court, rule 8.308(a).)  A notice of appeal filed after expiration of the 60-day period is "'wholly ineffectual,'" and the appeal must be dismissed for lack of jurisdiction.  (*People v. Mendez* (1999) 19 Cal.4th 1084, 1094;

accord, *In re G.C.* (2020) 8 Cal.5th 1119, 1127.)  The superior court filed the order denying Richards relief under section 1172.75 on March 8, 2023.  That order was immediately appealable.  (§ 1237, subd. (b); *Teal v. Superior Court* (2014) 60 Cal.4th 595, 597.)  Richards did not file a notice of appeal until January 11, 2024, after the trial court denied his motion for resentencing on December 28, 2023.  Even if that notice were construed to encompass the March 8, 2023 order, it would be untimely as to that order and we therefore would have no jurisdiction to review it.  (*In re G.C.*, *supra*, at p. 1127.)

Richards cannot avoid the untimeliness of the notice of appeal  by invoking the doctrine of constructive filing.  Under that doctrine, a notice of appeal not actually filed within the prescribed period will be deemed filed within the period if an incarcerated appellant either delivered the notice of appeal to custodial officials for mailing within the period (*People v. Slobodion* (1947) 30 Cal.2d 362, 366–367) or arranged with the appellant's attorney to file a notice of appeal within the period (*In re Benoit* (1973) 10 Cal.3d 72, 86).  To invoke the doctrine successfully, the appellant must make an evidentiary showing "that he did all he could to take the appeal but was thwarted by the acts of prison officials or that he was lulled into a false sense of security by their conduct or representations" (*ibid.*; accord, *People v. Lyons* (2009) 178 Cal.App.4th 1355, 1362), or that he "'has made arrangements with his attorney for the filing of a timely appeal and has displayed diligent but futile efforts in seeking to insure that the attorney has carried out his responsibility'" (*In re Chavez* (2003) 30 Cal.4th 643, 657; accord, *People v. Aguilar* (2003) 112 Cal.App.4th 111, 115).  The showing may be made by either a verified petition for writ of habeas corpus or a noticed motion.

(*People v. Zarazua* (2009) 179 Cal.App.4th 1054, 1063; *People v. Lyons, supra*, at p. 1362.)[3]  Richards has not made the required showing on appeal.

Richards did not submit a declaration or other evidence showing he wanted to appeal the order finding him ineligible for relief under section 1172.75; what steps, if any, he took to file a notice of appeal himself; what arrangements, if any, he made with the Public Defender's Office to file a notice of appeal or what efforts, if any, he undertook to make sure the Public Defender's Office filed one.  The only evidence cited in support of his request was the March 8, 2023 minute order indicating Richards was not present or represented by counsel.  While appellate counsel states that there was "no indication that [Richards] received notification of this ruling," there is no declaration by Richards or evidence to support that assertion.

Moreover, instead of filing a habeas petition or a motion for constructive filing of a notice of appeal from the denial order, the Public Defender's Office filed a motion for resentencing under section 1172.75 in December 2023.  At that point, the time to file a timely notice of appeal had lapsed by seven months.  It was not until the opening brief, filed July 30, 2024, that appointed counsel for Richards requested that this court constructively file the notice of appeal from the March 8, 2023 order.  Although the alleged lack of knowledge of the March 8, 2023 denial order might excuse Richards' from not having filed a notice of appeal within 60 days of the issuance of the order, it cannot excuse the additional eight month delay in requesting constructive filing of a notice of appeal after learning of the denial order.  "Excuse once established cannot be deemed a palliative for

---

[3]     We also note Richards has not made this request by habeas petition or noticed motion.  Rather, he made this request for the first time in his opening brief.

7

a continuing failure to act after the disability which justified the initial failure has been removed." (*In re Anderson* (1971) 6 Cal.3d 288, 293.) Richards did not pursue his appellate remedy with the diligence demanded by the constructive filing doctrine. (See *In re Chavez, supra*, 30 Cal.4th at pp. 658–659; *In re Benoit, supra*, 10 Cal.3d at p. 89; *People v. Lyons, supra*, 178 Cal.App.4th at p. 1362; *People v. Aguilar, supra*, 112 Cal.App.4th at p. 116.) Where, as here, "there is no showing of a convincing excuse for delay, the appeal must be dismissed." (*People v. Riser* (1956) 47 Cal.2d 594, 596.)

We conclude that we have no jurisdiction to review the trial court's March 8, 2023 or December 28, 2023 orders.

## DISPOSITION

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

CURREY, P. J.

SIGGINS, J.*

*Retired Presiding Justice of the Court of Appeal, First Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.