[No. F005432. Fifth Dist. June 21, 1985.]

In re MARK JOEL FIERRO on Habeas Corpus.

**COUNSEL**

Allen R. Crown, under appointment by the Court of Appeal, for Petitioner.

John K. Van de Kamp, Attorney General, Joel Carey and Cynthia G. Besemer, Deputy Attorneys General, for Respondent.

**OPINION**

**BROWN (G. A.), P. J.**—Petitioner was convicted of voluntary manslaughter in the Superior Court of Kern County and was sentenced on June 3, 1983. His appeal to this court was dismissed on the court's own motion on February 24, 1984, for having failed to file an opening brief. (Cal. Rules of Court, rule 17(a) [hereinafter rule 17(a)].) The remittitur issued on April 25, 1984. Petitioner seeks an order recalling the remittitur and an order vacating the order dismissing the appeal and reinstating the appeal.

The matter is before us on an order to show cause issued by the Supreme Court, made returnable in this court. The director of the Department of Corrections has filed a return to the order to show cause, and petitioner, through appointed counsel, has filed a traverse to the return. Oral argument has been waived.

Petitioner was initially committed to the Department of Corrections at Chino. On July 7, 1983, petitioner filed a timely in propria persona notice of appeal with the Clerk of Kern County, who in turn forwarded a copy to this court. It was received by this court on July 8, 1983. The county clerk's office advised the Court of Appeal that petitioner's address was the California Institution for Men at Chino.

According to petitioner's declaration, he was transferred to the Department of Corrections at Soledad sometime in July 1983 and he thought his appeal was being taken care of until he received a notice from the court in March or April 1984 informing him that his appeal had been dismissed. The Court of Appeal was unaware of petitioner's transfer to Soledad until March 6, 1984, when it learned of this fact by calling the Department of Corrections Identification Bureau in Sacramento (hereinafter ID Bureau) after the court's rule 17(a) notice was returned marked "Returned For Better Address."

Petitioner does admit receiving in early July 1983, before he was transferred from Chino to Soledad, some papers from the Court of Appeal. The only papers sent to petitioner from the Court of Appeal in July 1983 were sent on July 8, 1983. This was the court's form letter informing him that the notice of appeal had been received. The letter also explained what must be done in order for counsel to be appointed on appeal. A form declaration was enclosed with the letter, and petitioner was told to complete the form and return it to the clerk's office if he wanted to have counsel appointed on appeal. Attached as exhibit 1 is a pro forma copy of the forms.

The request for appointment of counsel form was never completed and returned and apparently was ignored by petitioner, as was the notation on the bottom of the letter regarding petitioner's duty to keep the court informed of his whereabouts.

Petitioner attempts to explain this dereliction by stating in his declaration: "I think it was about July of 1983, that I received some transcripts and I also received some papers from the Court of Appeal Clerk in Fresno. I thought at the time that my trial attorney George Van Meter would take care of what needed to be done, and I did not understand what the papers were for. In my previous appeal my trial attorney, Timothy Lemuccchi [sic] of Bakersfield (805-324-6501), also handled my appeal. He handled the whole case start to finish, and I did not have to file any papers or make any requests for counsel."[1]

---

[1]Despite petitioner's declaration to the contrary, in petitioner's prior case he *did* have to file papers with the court and he *did* have to make a request for the appointment of counsel.

Obviously, if petitioner had read the letter he received in early July 1983 and completed the request for counsel form and returned it, instead of ignoring the letter and form, the appeal would have proceeded on the usual course. Further, petitioner's conduct in failing to keep in touch with the court and advise the court of his change of address, and his long, apparent indifference to the proceedings pending here cannot be condoned.

If this was all there was to this petition, we would be inclined to deny relief. However, it is not all. ▆▆▆ As will appear, some institutional failures and failures by this court clearly contributed to petitioner's not receiving subsequent notices designed by the rules to prevent dismissals of appeals without affording a party a fair opportunity to correct prior oversights or neglect.

In the normal course, when the record on appeal is filed the clerk sends notice of that fact to the parties where no counsel has been appointed and

Because of the process which petitioner went through in the prior case, it is clear that he was familiar with court procedures and the requirements for acquiring appointed counsel on appeal.

The file on his prior case (5 Crim. 3310), of which we take judicial notice, reflects that on June 24, 1977, this court received an application for appointment of counsel from petitioner. The application consisted of a declaration wherein petitioner declared that "During the trial I was represented by Bakersfield Attorney, Timothy Lemucchi. Mr. Lemucchi was retained solely for the purposes of the proceedings in Kern County. I have no funds to retain the services of an attorney." The declaration then goes on to state that petitioner had no money or assets for the purposes of retaining an attorney and respectfully requested the court to appoint an attorney to represent him in the matter. The court responded to this request for an attorney by way of a letter which provided: "The court is in receipt of your application for appointment of counsel, however, before the court can appoint counsel to represent you on appeal, you must complete the enclosed request for appointment of attorney. Be sure you obtain the signature of a prison official." In response to the letter from the clerk's office, petitioner completed the form declaration which the clerk's office sent him and returned it to the court. However, he failed to obtain the signature of a prison official, and the clerk's office returned the form to him with the following letter: "The enclosed request for appointment of attorney is returned unfiled as it does not contain the signature of a prison official. Please obtain such signature and return the form to this office as soon as possible."

Finally, on July 29, 1977, petitioner returned the form requesting appointment of counsel with the required signature of a prison official. Petitioner had completed the form as follows: "My attorney is Timothy Lemucchi, Attorney at Law, 1128 Truxtun Avenue, Bakersfield, California 93301."

In response to petitioner's request to have Mr. Lemucchi represent him (he had represented him at trial), the clerk's office contacted Mr. Lemucchi and asked if he wanted to be appointed to handle the appeal for petitioner. Mr. Lemucchi agreed to represent petitioner if he was appointed by the court. Mr. Lemucchi was then appointed by the court and handled petitioner's appeal.

Moreover, petitioner's notice of appeal in the instant case contained the following statement: "Defendant(s) request this county clerk to add to the record defendants request for counsel on appeal. [¶] 1. I *Mark Joel Fierro,* is a layman of the law and can't afford to obtain counsel." Obviously, petitioner's statement regarding his expectation that his trial counsel would handle the appeal cannot be credited.

advises that appellant's opening brief will be due within 30 days. (Cal. Rules of Court, rule 16(a) [hereinafter rule 16(a)].) A rule 16(a) notice was mailed to petitioner on October 11, 1983, addressed to Chino. It was returned for a "better address" on October 24, 1983.[2] The clerk's office called the ID Bureau and was told that Chino was petitioner's correct address. This, of course, was erroneous, petitioner having been transferred to Soledad in July 1983. This was an institutional failure, as was the failure to promptly forward to Soledad petitioner's mail with proper identification number and to quickly notify the ID Bureau of petitioner's change of address. It appears to this court that the business of the Department of Corrections should be so organized that one facility would promptly forward letters, properly addressed, to transferred prisoners at the institution to which the prisoners have been transferred. It also appears that the Department of Corrections should develop procedures for promptly notifying their own identification bureau of prisoners' changes of address, with proper identification numbers.

The clerk's office of this court did nothing further toward trying to ascertain petitioner's correct address.

Before the appellate court can dismiss an appeal for failure to file a brief within the time allowed by rule 16(a), rule 17(a) requires the court to serve a 30-day notice on the parties advising that the appeal will be dismissed unless the brief is filed within that time or good cause is shown for relief. On January 20, 1984, the clerk sent such a notice to petitioner, addressed to the Chino address, the very same address from which the rule 16(a) notice had been returned some three months before the rule 17(a) notice was sent. Certainly the clerk's office should have checked again with the ID Bureau for petitioner's address. Instead, that office did an obviously idle act: that was to send the rule 17(a) notice to Chino, the address to which the rule 16(a) notice had been unsuccessfully sent. If the clerk's office had checked with the ID Bureau it probably would have obtained the correct Soledad address, because when the 17(a) notice was returned from Chino on March 6, 1984, the clerk's office did call the ID Bureau and learned the correct address at Soledad.

In the meantime, on February 24, 1984, the appeal had been routinely dismissed. The fault here lies in the clerk's office. ■ When the clerk's office is aware that a defendant is incarcerated, an appeal should never be dismissed based upon a rule 17(a) notice being mailed to an address which reasonably should be known by the clerk's office to be incorrect. The re-

---

[2]It appears from the marks on the envelope that this notice was probably forwarded to the correctional training facility at Soledad and returned to the court by that institution.

sponsibility to determine the correct address did not stop with routinely calling the ID Bureau some three months before the rule 17(a) notice was sent. As mentioned, the ID Bureau should have been called again before the rule 17(a) notice was sent. In addition to calling the ID Bureau, the clerk's office, knowing what it knew, should have exerted additional effort to obtain the correct address, such as calling the Chino prison by telephone. Resourcefulness undoubtedly would produce other sources of information.

To complete this chain of misadventures, the clerk's office, upon receiving petitioner's correct address on March 6, 1984, sent him a copy of the February 24, 1984, dismissal. At that point the clerk's office knew the dismissal had been entered based upon a rule 17(a) notice sent to the wrong address, so common prudence as well as duty should have alerted the deputy clerk who handled the transaction to check with her superior as to action that should have been taken at that point.

The remittitur issued on April 25, 1984. On July 18, 1984, petitioner filed his in propria persona motion to recall the remittitur and reinstate the appeal. Based upon the inadequate allegations of the petition, the court denied the motion on August 7, 1984.

As a result of the investigation conducted following the issuance of the order to show cause, it now clearly appears the petitioner in fact knew nothing about the events leading to the dismissal on February 24, 1984. Being unaware of them, he could not have sought relief before the dismissal became final, and the issuance of the remittitur was not solely attributable to petitioner's lack of diligence.

Relief is appropriate. (Cal. Rules of Court, rule 25(d); *People v. Mutch* (1971) 4 Cal.3d 389, 396 [93 Cal.Rptr. 721, 482 P.2d 633]; *In re Martin* (1962) 58 Cal.2d 133, 138-141 [23 Cal.Rptr. 167, 373 P.2d 103]; *In re Rothrock* (1939) 14 Cal.2d 34 [92 P.2d 634]; *People v. Collins* (1963) 220 Cal.App.2d 563 [33 Cal.Rptr. 638].)

It is ordered that the remittitur in People v. Mark Joel Fierro, Fifth District No. F002595, Kern County Superior Court No. 24818[3] be recalled, that the order dismissing petitioner's appeal be vacated, and that his appeal be reinstated. The clerk is ordered to send to petitioner, at his current ad-

---

[3]The remittitur which was issued in this matter bears the superior court number "24547," which is the number of the proceeding against petitioner's codefendant. The correct superior court number pertaining to petitioner is 24818.

dress, the usual letter and form for appointment of counsel and to proceed as if the appeal had not been dismissed.

Franson, J., and Woolpert, J., concurred.