[No. B063134. Second Dist., Div. Seven. Feb. 24, 1992.]

In re RAYNARD VALLERY on Habeas Corpus.

## COUNSEL

Raynard Vallery, in pro. per., for Petitioner.

Daniel E. Lungren, Attorney General, and William H. Davis, Jr., Deputy Attorney General, for Respondent.

## OPINION

**LILLIE, P. J.**—By petition for writ of habeas corpus, filed in the first instance in the California Supreme Court, petitioner, Raynard Vallery, seeks to recall remittitur and vacate the order dismissing his appeal in *People* v. *Vallery*, Second District No. B045376, and seeks the reinstatement of said appeal. The appeal was dismissed on October 11, 1990, for Vallery's failure to file an opening brief. (Cal. Rules of Court, rule 17(a).) The Supreme Court ordered the Director of Corrections to show cause before this court why relief should not be granted.

After consideration of the papers filed in the writ proceeding and in the appeal, we treat the petition for writ of habeas corpus as an application to recall remittitur, vacate the order of dismissal and reinstate the appeal, and conclude that relief is appropriate (Cal. Rules of Court, rule 25(d)) on the ground that an inadvertent oversight of the clerk of this court in conjunction with a series of institutional failures by the Department of Corrections resulted in the denial of appellate counsel to petitioner and undue restrictions on his right of reasonable access to the courts. (See *People* v. *Wells* (1968) 261 Cal.App.2d 468, 472 [68 Cal.Rptr. 400].)

### PROCEDURAL BACKGROUND

Vallery was convicted on two counts of first degree murder and two counts of robbery; on October 4, 1989, he was sentenced to state prison for two consecutive terms of life without the possibility of parole. On that date,

in propria persona, he filed a notice of appeal and an affidavit of financial ability and request for appointment of counsel in the superior court, copies of which are also part of the appellate file. Vallery's notice of appeal listed his address as the Los Angeles County jail.

Although the affidavit of financial ability and request for appointment of counsel were attached to the notice of appeal, the Court of Appeal case docket sheet indicates that on October 11, 1989, the clerk of this court received Vallery's notice of appeal, but fails to reflect the financial affidavit attached to the notice of appeal. That financial affidavit indicates Vallery was entitled to appointment of counsel. Apparently unaware that an affidavit of financial ability and request for appointment of counsel had been filed in the superior court, the clerk of this court on October 11, 1989, sent a cover letter and a financial affidavit form to Vallery at the county jail. At this point, had the Court of Appeal been aware that Vallery was indigent, counsel would have been appointed for him and the following series of events in all probability could have been avoided. Instead, the failure of the Department of Corrections to promptly forward mail to Vallery upon his transfer to two different prisons resulted in Vallery's failure to receive court correspondence in a timely fashion or at all. In addition, although prison mail logs indicate that in August 1990 Vallery sent to this court a request for an extension of time to file an opening brief, no such request was ever received by this court. These unfortunate events culminated in the dismissal of his appeal.

We conclude that Vallery is entitled to relief based on the inadvertent oversight by the clerk of the existence of his October 4, 1989, financial affidavit until the time of the February 7, 1992, hearing on this order to show cause. Although the denial of the right to counsel alone is sufficient ground for relief, we believe it important to set out subsequent events and problems created by the Department of Corrections which prevented Vallery from correcting the initial oversight and which prevented him from effectively attempting to prevent the dismissal of his appeal.

Although it is unclear exactly when Vallery was moved from the county jail to Folsom Prison, this court received a letter from him dated January 18, 1990, in which he requested appointment of counsel and suggested the name of an attorney to represent him on appeal; the letter contained an address for Vallery indicating he was at Folsom Prison. According to the Court of Appeal docket, the clerk sent another financial affidavit form to Vallery on January 22, 1990; although a copy of the correspondence is not in our files, the form was apparently sent to Vallery at Folsom Prison.

On March 19, 1990, the record on appeal was filed. On July 17, 1990, the court sent Vallery a notice that if the opening brief was not filed within 30

days of the notice, or within the time extended for good cause shown, the appeal would be dismissed; the notice was sent to Vallery at the state prison at San Quentin, the last address known to the clerk of this court. On July 25, 1990, Vallery received the notice, but he was not in San Quentin, in which he denies he was ever incarcerated, but in Pelican Bay State Prison. According to Vallery, on August 10, 1990, he sent to this court a request for an extension of time, and in his affidavit therefor, Vallery declared that he had not yet received his transcripts and had not yet been able to undertake the necessary investigation and research to prepare an opening brief; he had access to the law library twice a week. Although his prison mail log confirms that Vallery sent his request for extension of time to this court on August 14, 1990, this court did not receive it. In fact, this court was completely unaware of the existence of Vallery's written request for extension of time and further problems he was experiencing with his mail until November 1991, when the Supreme Court issued this order to show cause.

On October 11, 1990, this court sent to Vallery, at San Quentin, a notice of an order that his appeal was dismissed. Although incorrectly addressed to San Quentin, Vallery acknowledges receiving the notice on October 18, 1990, as reflected in his prison mail log. On November 14, 1990, Vallery telephoned a deputy clerk of this court and indicated he had received the default notice but complained that his mail was being sent to the wrong prison. According to the clerk, Vallery did not inform him that he had sent to the court a request for extension of time; according to Vallery, he brought the request for extension of time to the clerk's attention.

On November 14, 1990, the court sent to Vallery at the last address he gave the clerk, Pelican Bay State Prison, another financial affidavit, which Vallery denies ever receiving; his prison mail log confirms Vallery's assertion, for the next court document reflected in the log after October 18 is notice of the remittitur, which Vallery received on December 21, 1990. The remittitur was issued on December 11, 1990. On December 26, 1990, Vallery again called the Court of Appeal clerk's office and informed the clerk that his mail was still being sent to the wrong prison and that he had not received any financial affidavit. According to Vallery, the clerk told him that more forms would be sent out to him, but Vallery did not receive any forms.

Although not reflected in his prison mail log or the court docket sheet, Vallery declares that on January 31, 1991, he wrote a letter to the Court of Appeal requesting reinstatement of his appeal and appointment of counsel. The prison mail log reflects that on February 21, 1991, Vallery sent a letter requesting relief from default to this court, and our docket sheet reflects that the document was received on February 28, 1991. On March 5, 1991, this

court denied Vallery's request to reinstate his appeal. At that time this court was unaware of the existence of Vallery's request for appointment of counsel, his August 1990 request for extension of time to file his opening brief, and his January 31, 1991, letter; the court also was unaware that Vallery had not received the latest financial affidavit sent to him at Pelican Bay.

On April 8, 1991, Vallery's petition for writ of habeas corpus was filed in the California Supreme Court. In the petition, Vallery sets out the foregoing series of events, many of which had never been chronicled in writing for this court before that time. On November 14, 1991, the Supreme Court issued an order to the Director of Corrections to show cause before this court why the remittitur should not be recalled and the order dismissing Vallery's appeal be vacated. On December 4, 1991, we set the matter for hearing on February 7, 1992. Respondent filed written return and Vallery filed reply to the return.

### ENTITLEMENT TO RELIEF

■ Our own independent assessment of the affidavits and records in this matter (see *In re Hochberg* (1970) 2 Cal.3d 870, 874, fn. 2 [87 Cal.Rptr. 681, 471 P.2d 1]), many facts contained therein having been brought to our attention for the first time, can only lead to the conclusion that Vallery is entitled to relief pursuant to California Rules of Court, rule 25(d).

Attempting to distinguish the circumstances here from those in *In re Fierro* (1985) 169 Cal.App.3d 543 [215 Cal.Rptr. 559], respondent argues that petitioner failed to exercise due diligence in preserving his appeal rights and that he failed to correct oversights or neglect although he had a fair opportunity to do so. We do not agree. The clerk's unawareness of Vallery's correct address caused his mail to arrive late or not at all; but even when correctly addressed, Vallery still failed to receive all of his court mail. Further, not all of Vallery's mail addressed to this court arrived; it did not receive his request for an extension of time or his January 31, 1991, letter. Moreover, given the fact that not one of the numerous financial affidavits sent by the clerk of this court ever reached Vallery, he did all he reasonably could to obtain counsel, to no avail. Without counsel, he did all he reasonably could to preserve his appeal rights.

In *In re Fierro*, the court afforded relief under circumstances less favorable to the petitioner than exist here. Fierro, mistakenly believing his trial counsel was taking care of his appeal, ignored the Court of Appeal's form letter and request for appointment of counsel and failed to keep in touch with the court to advise it of his change of address; the court characterized his conduct as "long, apparent indifference to the proceedings pending here . . . ." (169

Cal.App.3d at p. 546.) However, the court granted Fierro relief because of the failure of the Department of Corrections to develop procedures for promptly notifying its own identification bureau of prisoners' changes of address (*id.*, at p. 547), and because the clerk's failure to determine his correct address resulted in Fierro's failure to timely receive the California Rules of Court, rule 17(a) notice before his appeal was dismissed. (169 Cal.App.3d at pp. 547-548.)

Unlike Fierro, Vallery exercised due diligence by attempting to obtain counsel, preserve his appeal and prevent its dismissal. When aware of incorrectly addressed mail, Vallery telephoned the court clerk to inform the clerk of his address; when the clerk was aware that Vallery had not received any documents, the clerk sent out new ones; unfortunately, Vallery did not receive any financial affidavit, and this court was unaware that an affidavit indicating his indigence had been filed in the superior court with his notice of appeal. Under these circumstances, we conclude that Vallery is entitled to relief. (See *In re Martin* (1962) 58 Cal.2d 133, 141 [23 Cal.Rptr. 167, 373 P.2d 103].)

### DISPOSITION

The application is granted and it is ordered that the remittitur in *People* v. *Vallery* (No. B045376) be recalled, that order dismissing petitioner's appeal be vacated, and that his appeal be reinstated. The clerk is ordered to act upon Vallery's request for appointment of counsel.

Johnson, J., and Woods (Fred), J., concurred.