Filed 6/1/23  In re Barrera CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re PAUL DE LA CRUZ BARRERA,<br><br>on Habeas Corpus. | G062551<br><br>Super. Ct. No. 05CF3817)<br><br>O P I N I O N |

Original proceedings; petition for writ of habeas corpus to file a late notice of appeal.  Petition granted.

Appellate Defenders, Inc., and Anna M. Jauregui-Law for Petitioner.

Rob Bonta, Attorney General, and Charles G. Ragland, Senior Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT:[*]

Petitioner Paul De La Cruz Barrera seeks relief from the failure to file a timely notice of appeal, and to have it deemed constructively filed under the authority of *In re Benoit* (1973) 10 Cal.3d 72,87-88. The petition is granted.

Petitioner is the defendant in Superior Court of Orange County criminal case No. 05CF3817. On March 17, 2007, he was sentenced to 25-years-to life in state prison.

On January 31, 2022, the trial court found that petitioner's petition for resentencing pursuant to Penal Code section 1172.6 established a prima facie showing entitling him to relief and issued an order to show cause. [1] A hearing was held on January 31, 2023. Petitioner was represented at this hearing by appointed attorney Kenneth Reed (Reed). After the hearing, the trial court denied the petition.

On March 2, 2023, Appellate Defenders' Inc. (ADI) received a letter from petitioner inquiring about how to appeal the court's denial of his 1172.6 petition. ADI records reveal that it obtained and uploaded petitioner's court records on March 17, 2023. On that same date, ADI staff attorney Anna Jauregui-Law was assigned to petitioner's case.

On March 20, 2023, attorney Jauregui-Law reviewed petitioner's records. She determined that the last date to file petitioner's notice of appeal was Monday, April 3, 2023. She also noted that attorney Reed represented petitioner in another pending matter, and that Reed was still representing petitioner in the instant matter. She attempted to contact Reed to ascertain if he was going to file a notice of appeal on petitioner's behalf and provided Reed with a copy of the letter petitioner sent to ADI.

---

[*] Before O'Leary, P. J., Goethals, J., and Delaney, J.

[1] Undesignated statutory references are to the Penal Code.

Reed never responded to attorney Jauregui-Law's inquiries. Noting that Reed never responded to her inquiries, and that the date to file the notice of appeal was fast approaching, attorney Jauregui-Law prepared petitioner's notice of appeal on Wednesday, March 29, 2023. ADI records show that support staff processed the notice of appeal on that same date. ADI's envelope which contained the notice of appeal reflects a metered stamp of March 29, 2023, with a postmark stamp of March 30, 2023, and receipt by the superior court stamp of April 4, 2023.

Although the notice of appeal was required to be received by April 3, 2023, the superior court did not reject the notice of appeal as being a late filing. Petitioner's appeal of this ruling, which challenges the court's denial of his petition to vacate his sentence and to resentence him, is now pending before this court as related case No. G062499 with the record on appeal being recently filed.

The Attorney General does not oppose petitioner's request for constructive filing of his notice of appeal.

The principle of constructive filing of a late notice of appeal should be applied in situations were a criminal defendant requests trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit, supra,* 10 Cal.3d 72, at pp. 87-88.) Relief is also made available where trial counsel renders a criminal defendant ineffective assistance of counsel entitling him or her to the constructive filing of a timely notice of appeal. (*Roe v. Flores-Ortega* (2000) 528 U.S. 470.) In *Roe,* the United States Supreme Court concluded where trial counsel has been ineffective in failing to properly consult with his or her client about the appeal process, and that "constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." (*Id.* at p. 484.)

Here, petitioner was diligent in timely seeking help from ADI regarding how to appeal from the trial court's decision denying him relief at the OSC hearing held

3

on January 31, 2023.  Moreover, ADI, in turn, timely informed petitioner's trial counsel of petitioner's interest in appealing the court's ruling since trial counsel continued to represent him.  ADI also sent trial counsel petitioner's letter and asked counsel if he was planning on filing a notice of appeal on petitioner's behalf.  Trial counsel was thus placed on notice regarding his duty to file a notice of appeal on petitioner's behalf pursuant to section 1240.1.  "[T]rial counsel has the duty to respond to a timely request of his client to either file an appeal, instruct him how to file it, or to secure other counsel for him."  (*In re Chadwick C.* (1982) 137 Cal.App.3d 173, 180.)  Trial counsel's inaction deprived petitioner of a timely filed notice of appeal, resulting in ineffective assistance of counsel.

Petitioner is further entitled to relief on the grounds of institutional failure.  ADI prepared and processed the notice of appeal on March 29, 2023, but it was not received by the trial court until April 4, 2023, or one day late.  Institutional failure may provide a petitioner relief for filing a late notice of appeal.

Institutional failure justified relief in *In re Fierro* (1985) 169 Cal.App.3d 543, 546-548.  In *Fiero*, the court found Fiero filed a timely in propria persona notice of appeal, but the appeal was dismissed because he failed to timely file an appellant's opening brief.  In ordering the appeal reinstated, the court concluded the Department of Correction's institutional failure to promptly forward the court's notices, or to inform the court of petitioner's correct address, as well as the court's own institutional failure to ascertain petitioner's correct address within the prison system, constituted an institutional failure entitling him to relief because he was not afforded "a fair opportunity to correct prior oversights or neglect."  (*Id.* at pp. 546-547.)

The petition is granted.  The clerk of the Superior Court is directed to treat the notice of appeal filed on April 4, 2023, in Orange County Superior Court case No. 05CF3817 as being timely filed.  In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.

4