Filed 6/12/24  P. v. Stewart CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081833 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD240719) |
| GENE PRESTON STEWART, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Eugenia A. Eyherabide, Judge.  Reversed and remanded with directions.

Michelle T. LiVecchi-Raufi, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Daniel J. Hilton and Steve Oetting, Deputy Attorneys General for Plaintiff and Respondent.

On October 17, 2019, while Appellant Gene Preston Stewart was serving a 15-year sentence for attempted murder that included an

enhancement for a prior serious felony conviction, the Office of the Secretary for the California Department of Corrections and Rehabilitation (CDCR) recommended recall of Stewart's sentence and resentencing pursuant to former Penal Code section 1170, subdivision (d)(1).[1]  Four days later, the trial court summarily denied the recommendation without notifying the public defender's office or holding a hearing.  In 2022, Stewart's case was identified as potentially not remedied in 2019, prompting additional proceedings in the trial court, including the appointment of counsel and the filing of resentencing briefs by the public defender's office and the District Attorney.  Before the resolution of the new proceedings, however, the trial court discovered that the CDCR's recommendation had been denied in 2019 and issued a minute order taking the matter off calendar.  Stewart filed a notice of appeal from that order and asked this court to construe his notice of appeal as being taken from the 2019 denial order.

Between the 2019 denial and the 2022 proceedings in Stewart's case, the Legislature passed Assembly Bill No. 1540, which amended section 1170, subdivision (d)(1), to require that the trial court notify the defendant of any resentencing requests, set a status conference within 30 days of receipt of the request, and appoint counsel for the defendant.  (§ 1172.1, subd. (b)(1).)  Additionally, the legislation created "a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds

_____

[1]     Subsequent undesignated statutory references are to the Penal Code.

2

the defendant currently poses unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18."[2]  (*Id.*, subd. (b)(2).)

As we shall explain, we agree with Stewart that we must construe his notice of appeal as being taken from the 2019 order and we accept a concession by the Attorney General that Stewart is entitled to additional proceedings in the trial court in accordance with the procedural requirements afforded by Assembly Bill No. 1540.  The order is reversed and the matter is remanded with directions.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2012, Stewart pleaded guilty to attempted murder (§§ 187, 664) and admitted a prior strike (§§ 667, subds. (b)–(i) & 1170.12) and a prior serious felony conviction (§ 667, subd. (a)).  He was sentenced to a 15-year prison term, consisting of the low term of five years for attempted murder, doubled by the prior strike, plus five years for the prior serious felony enhancement.

On October 17, 2019, the CDCR sent a letter to the trial court to provide it with authority to resentence Stewart under former section 1170, subdivision (d)(1).  The letter explained that since Stewart's sentence was imposed, the Legislature had provided trial courts with discretion not to impose consecutive serious prior felony enhancements under section 667, subdivision (a)(1), and recommended that "Stewart's sentence be recalled and that he be resentenced."  Four days later, on October 21, 2019, the court summarily denied the recommendation.  In its order, the court directed that

---

[2]     "Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Assembly Bill No. 1540) 'moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03.'  [Citation.]  Section 1170.03 was later recodified without substantive change as section 1172.1."  (*People v. Vaesau* (2023) 94 Cal.App.5th 132, 142.)  We refer to the current statute number, 1172.1, and not 1170.03, for clarity.

"a copy of: 1) this Minute Order shall be served on the Department of Corrections, DA, PD, and Defendant."

In 2022, the San Diego Public Defender's Office established a special unit "to address cases selected for resentencing" by CDCR under section 1170, subdivision (d). The unit worked with a judge of the San Diego Superior Court to identify cases that were either not properly remedied or where it was unclear if the CDCR's recommendation had been addressed. According to Stewart's later appointed counsel, his case was identified by the judge "from a list provided by CDCR as requiring further attention." As a result, the trial court issued an order appointing counsel for Stewart, setting a status conference, and inviting the parties to stipulate to resentencing or request a hearing. The court then notified Stewart's defense counsel of the 2019 summary denial of the CDCR's recommendation.

Stewart's counsel investigated the matter and determined that neither Stewart nor the public defender's office had been notified of the recommendation and subsequent denial. Stewart then filed a motion for resentencing, which the District Attorney opposed on the grounds that Stewart posed an unreasonable risk to public safety. The trial court did not adjudicate the motion. Instead, on March 1, 2023, it issued a minute order stating the matter was taken off calendar because it "was previously decided on October 21, 2019." Stewart appealed from that order, and also filed a request that this court deem his notice of appeal as constructively filed within the statutory period to appeal from the October 21, 2019 denial order. We issued an order denying the request as unnecessary and construing Stewart's notice of appeal from the March 1, 2023 minute order taking the matter off calendar to include "any orders or judgments related to it."

After Stewart filed his opening brief, the Attorney General filed a motion to dismiss the appeal, arguing that the superior court's jurisdiction to resentence Stewart expired once it issued the October 21, 2019 denial order and, therefore, the minute order taking the matter off calendar was not appealable. The Attorney General also argued that constructive filing of the notice of appeal was not available because Stewart had not established he was not notified of the CDCR's recommendation for resentencing or the trial court's summary denial. Stewart opposed the motion to dismiss, and this court deferred a decision on the motion to this panel.

## DISCUSSION

### I

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." ' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Relevant here, "section 1237, subdivision (b), provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.' " (*Ibid.*) Under the common law, trial courts traditionally lost jurisdiction over a criminal matter once execution of the sentence began. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455.) Former section 1170, subdivision (d)(1), in place at the time of the CDCR's October 17, 2019 recommendation, created a limited exception to this rule. (*Ibid.*) The provision authorized a trial court, "within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the [CDCR] or the Board of Parole Hearings in the case of state prison inmates ... [to] recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (Former § 1170, subd. (d)(1).)

5

Under former section 1170, subdivision (d)(1), a defendant had no standing to request resentencing. (*People v. McCallum* (2020) 55 Cal.App.5th 202, 217 (*McCallum*) [defendant "could not invite the trial court to recall his sentence absent a recommendation by the [CDCR]"].) Further, the Courts of Appeal held that the statute did not require appointment of counsel (*People v. Frazier* (2020) 55 Cal.App.5th 858, 865–868 (*Frazier*)) or a hearing (*McCallum,* at pp. 215–216) after the trial court received a recommendation from the CDCR to recall and resentence an inmate.

Several Courts of Appeal held, however, that due process required notice of the CDCR recommendation and an opportunity to submit relevant evidence. (See, e.g., *People v. Mendez* (2021) 69 Cal.App.5th 347, 355; *People v. Williams* (2021) 65 Cal.App.5th 828, 833–834; *McCallum, supra,* 55 Cal.App.5th at pp. 218–219.) Decisional law also established a prisoner could appeal an order denying a recommendation by the CDCR for resentencing because such a denial affected his or her substantial rights. (*Frazier, supra,* 55 Cal.App.5th at p. 863, fn. 2; cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1160–1167 [inmate may appeal denial of recommendation for compassionate release under § 1170, subd. (e)].)

Effective January 1, 2022, Assembly Bill No. 1540 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1–7) renumbered the recall and resentencing provisions and clarified the procedural requirements provided by the statute in response to Court of Appeal decisions that limited its application. Under the amended statute, "[t]he court, in recalling and resentencing under this subdivision, [must] apply the sentencing rules of the Judicial Council and apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.1, subd. (a)(2).) Section 1172.1, subdivision (a)(5),

6

sets forth a list of factors—some permissive and some mandatory—for the court to consider in recalling and resentencing.

Further, under the new statute, "[r]esentencing shall not be denied, nor a stipulation rejected, without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1172.1, subd. (a)(9).) In addition, the trial court must provide notice to the defendant, set a status hearing within 30 days of receiving the CDCR's recommendation, and appoint counsel to represent the defendant. (*Id.*, subd. (b)(1).) The statute includes a presumption in favor of recall and resentencing, which may only be overcome if the court finds the defendant poses an unreasonable risk of danger to public safety as defined in subdivision (c) of section 1170.18. (§ 1172.1, subd. (b)(2).)

## II

We first consider the Attorney General's motion to dismiss Stewart's appeal from the March 1, 2023 minute order. The Attorney General argues that once the trial court denied the CDCR's resentencing recommendation on October 21, 2019, the court no longer had jurisdiction to rule on Stewart's motion for resentencing. Thus, the Attorney General asserts, the minute order is not appealable because it was not an "order made after judgment, affecting [Stewart's] substantial rights." (§ 1237, subd. (b).) The Attorney General also argues Stewart failed to show that any deficiency in the 2019 proceedings extended the court's jurisdiction to the present.

In response, Stewart asserts that by including his case on a list provided to the superior court, the CDCR renewed its recommendation to recall and resentence him thereby providing the court with renewed jurisdiction to consider his case. In addition, Stewart argues the trial court "retained the inherent power to determine whether a change in the law"

7

affected one of its own prior orders. Finally, Stewart argues that the Attorney General's objection to his motion for filing a constructive notice of appeal from the 2019 denial order is forfeited by the failure to oppose the motion.

We agree with the Attorney General that the trial court's March 1, 2023 minute order taking the matter off calendar is not an appealable order. Once execution of Stewart's sentence began in 2012, the trial court no longer had jurisdiction over his case. Under former section 1170, subdivision (d)(1), the court regained jurisdiction when it received the letter from the CDCR recommending that the court recall and resentence Stewart. Once the trial court issued its order summarily denying the CDCR's recommendation, however, the trial court's jurisdiction again terminated.[3] (See *People v. Magana* (2021) 63 Cal.App.5th 1120, 1127–1128 [rejecting assertion that letter from CDCR identifying a technical error in sentence in abstract of judgment constituted a recommendation for resentencing under section 1170, subdivision (d) and dismissing appeal from order correcting sentence].)

As Stewart asserts, the trial court does have the authority to consider its own jurisdiction. (See *Walker v. Superior Court* (1991) 53 Cal.3d 257, 267 ["courts have inherent authority to control their own calendars and dockets, and to *inquire into their own jurisdiction*" (italics added)].) However, this authority does not include the ability to grant itself jurisdiction in situations where it is absent. Stewart also "submits that the trial court retained the

---

[3] We do not agree with Stewart that his trial counsel's hearsay statement that his case was contained on a list provided by the CDCR to the superior court in 2022 (that is not part of the record in this appeal) constituted a new recommendation by the CDCR. The only recommendation contained in the record before this court is the October 17, 2019 letter from the CDCR.

inherent power to determine its own jurisdiction regarding whether it wanted to decide if a change in the law validly and constitutionally affected one of its prior orders." This may be true, but in this specific case, after the trial court initiated resentencing proceedings it did not consider whether the 2019 order denying the CDCR's recommendation was defective. Rather, the court took the case off calendar, concluding it lacked jurisdiction because it had previously adjudicated the CDCR's recommendation. Because the trial court did not have jurisdiction over the case when it took the matter off calendar on March 1, 2023, the order did not affect Stewart's substantial rights. The order, therefore, is not appealable and Stewart's appeal from that minute order is dismissed.

III

We next revisit our prior order denying Stewart's request to deem his notice of appeal as constructively filed within the statutory period to appeal from the October 21, 2019 order denying the CDCR's recommendation. (See *Delmonico v. Laidlaw Waste Systems, Inc.* (1992) 5 Cal.App.4th 81, 83, fn. 1 ["An appellate ruling will not become the 'law of the case' in a pending appeal unless it reflects a decision on the merits considered by a panel of three justices, ultimately acquiesced in by a majority."].) This request was not opposed by the Attorney General, and we agree with Stewart that constructive filing of the notice of appeal as taken from the October 21, 2019 order is appropriate.

California Rules of Court, rule 8.308(a) requires a notice of appeal be filed within sixty days after judgment has been rendered. (*In re Chavez* (2003) 30 Cal.4th 643, 649.) Despite this requirement, the California Supreme Court has recognized the need for exceptions and developed the doctrine of constructive filing of a late notice of appeal. The doctrine was first

9

established to protect inmates who had done everything in their power to timely appeal, but were thwarted by the acts of prison officials. (See *People v. Slobodion* (1947) 30 Cal.2d 362, 366; *In re Benoit* (1973) 10 Cal.3d 72, 86; see also *People v. Dailey* (1959) 175 Cal.App.2d 101, 104; *People v. Calloway* (1954) 127 Cal.App.2d 504, 506–507.) Subsequent cases recognized the injustice of denying an appeal to a defendant who failed to timely file a notice of appeal only because he or she was "compelled to rely on prison authorities to assist in the preparation and mailing of his notice" and also extended the doctrine to cases where the untimeliness of the appeal was the result of counsel's negligence. (*In re Benoit,* at p. 86; see also *In re Jordan* (1992) 4 Cal.4th 116, 119 ["The prison-delivery rule ensures that an unrepresented defendant, confined during the period allowed for the filing of an appeal, is accorded an opportunity to comply with the filing requirements fully comparable to that provided to a defendant who is represented by counsel or who is not confined."].)

These decisions reflect the importance of the right to appeal. " 'In California, the right ... is granted by law to every convicted person; it is one of the most important rights possessed by a convicted defendant, and every legitimate element should be exercised in its favor.' " (*In re Pickett* (1972) 25 Cal.App.3d 1158, 1166.) "This state has a 'strong public policy in favor of hearing appeals on their merits and of not depriving a party of his right to appeal because of technical noncompliance where he is attempting to perfect his appeal in good faith.' " (*Seeley v. Seymour* (1987) 190 Cal.App.3d 844, 853–854.) "[A]ppellate courts have the power to grant relief from default in filing notices of appeal in proper cases. This power is to be liberally construed to protect the right to appeal." (*People v. Ribero* (1971) 4 Cal.3d 55,

65; Cal. Rules of Court, rule 8.304(a)(4) ["The notice of appeal must be liberally construed."].)

Stewart was precluded from filing a timely notice of appeal from the October 21, 2019 denial of the CDCR's recommendation to recall and resentence him because the *court* failed to notify him or his counsel of the proceedings. Similar to the usual scenario where counsel untimely files or entirely fails to file a notice of appeal, Stewart's untimely notice of appeal resulted from an institutional failure on the part of the trial court. Despite the notation in the minute order from the hearing on CDCR's letter recommending resentencing, which stated, "A copy of: 1) this Minute Order shall be served on Department of Corrections, DA, PD, and Defendant", a copy of the order was not sent to Stewart or the public defender's office. The record makes clear that it was not until the case was identified as potentially unresolved in 2022 that the public defender's office learned of the denial.

This case bears similarities to those where failures of prison and court officials resulted in an undue restriction on a defendant's right of reasonable access to the courts. (See *In re Vallery* (1992) 3 Cal.App.4th 1125, 1130 [incarcerated defendant entitled to relief where court clerk's unawareness of defendant's correct address caused his mail to arrive late or not at all, interfering with his ability to retain counsel and prosecute appeal]; *In re Fierro* (1985) 169 Cal.App.3d 543, 547–548 [incarcerated defendant entitled to relief where failure of CDCR to develop procedures for promptly notifying its own identification bureau of prisoners' changes of address and court clerk's failure to determine his correct address resulted in defendant's failure to timely receive the notice that his appeal was about to be dismissed]; *People v. Hickok* (1949) 92 Cal.App.2d 539, 541 [criminal appeal was mistakenly dismissed after notice of default was sent to wrong attorneys].) One such

11

case, *People v. Olgin*, where the court held that an institutional, clerical error merited application of constructive filing principles, is helpful here. (*People v. Olgin* (1955) 137 Cal.App.2d 286, 287, 289 (*Olgin*).)

In *Olgin*, the clerk of the superior court delayed in mailing a notice of an order denying the defendant's petition for writ of error corum nobis. (*Olgin, supra*, 137 Cal.App.2d at p. 289.) As a result, the notice did not arrive at the prison until the last day for filing a notice of appeal, and the defendant himself did not receive the notice until more than 10 days after the deadline had expired. (*Id*. at pp. 288–289.) The defendant promptly filed a notice of appeal and the court held the notice constituted a constructive filing within the prescribed time limit. (*Id*. at p. 289.) The court granted relief, reasoning "[o]bviously, [the defendant] was powerless to do other than he did until he received notice of the adverse decision, and this, through no fault of his own." (*Ibid*.)

Like the defendant in *Olgin*, Stewart was notified of the order from the resentencing hearing only after the deadline to file a notice of appeal had expired. Once Stewart was notified of the decision by his appointed trial counsel in 2022, he worked promptly with counsel to obtain relief and filed a notice of appeal from the March 1, 2022 minute order taking the matter off calendar. Put simply, Stewart's failure to timely file a notice of appeal resulted from an institutional failure of the court, not any action or inaction on his part. Accordingly, we agree with Stewart that his late notice of appeal with respect to the October 21, 2019 order should be construed as constructively filed within the statutory time period. (See *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 113–114 ["We long have recognized a 'well-established policy, based upon the remedial character of

12

the right of appeal, of according that right in doubtful cases "when such can be accomplished without doing violence to applicable rules." ' "].)

IV

Because we construe the notice of appeal as timely appealing from the trial court's October 21, 2019 order, we reach the merits of Stewart's challenge to that order. Stewart asserts that he was entitled to notification of the CDCR's October 17, 2019 recommendation that his sentence be recalled and he be resentenced, and of the trial court's ruling denying the recommendation. He also contends the protections implemented by current section 1172.1 should be afforded to him on remand. The Attorney General concedes that if we decline to dismiss the appeal entirely, the case should be remanded for resentencing. We accept this concession.

As the Third Appellate District explained in recounting the legislative history of Assembly Bill No. 1540, that legislation "was intended to clarify certain aspects of former section 1170, [subdivision] (d)(1) that the appellate courts had incorrectly interpreted, including that, 'when a sentence is recalled or reopened for any reason, in resentencing the defendant trial courts must apply [']any changes in law that reduce sentences or provide for judicial discretion." ' (Sen. Com. On Public Safety, Rep. on Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended June 22, 2021, p. 3 [noting that *People v. Federico* (2020) 50 Cal.App.5th 318, review granted August 26, 2020, S263082, held to the contrary].)" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1041 (*McMurray*).) We agree with *McMurray* that Assembly Bill No. 1540 clarified that "certain procedural safeguards" that the Courts of Appeal held in former section 1170, subdivision (d)(1) "did not require ... are indeed required under section [1172.1]." (*McMurray*, at p. 1041.)

13

"[T]he Legislature repeatedly indicated that Assembly Bill [No.] 1540 was intended to 'make clarifying changes' to former section 1170, [subdivision] (d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing.  (See, e.g., Sen. Com. on Public Safety, Rep. on Assem. Bill No. 1540 (2021–2022 Reg. Sess.) as amended June 22, 2021, pp. 2–3.)  These changes were adopted in 2021, thereby promptly addressing appellate decisions from 2020 that had interpreted the Legislature's intent regarding former section 1170, [subdivision] (d)(1)."  (*McMurray, supra*, 76 Cal.App.5th at p. 1041.)

The amended law makes clear that Stewart was entitled to notice of the CDCR's recommendation and an opportunity to participate in the court's consideration of the recommendation, including the appointment of counsel and a hearing.  "Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence [Stewart] under the new and clarified procedure and guidelines of section [1172.1]."  (*McMurray, supra*, 76 Cal.App.5th at p. 1041.)

DISPOSITION

The October 21, 2019 order declining to recall and resentence defendant is reversed.  The matter is remanded with directions to the trial court to conduct additional proceedings in accordance with section 1172.1 and

to exercise its discretion to determine whether to strike the prior serious felony enhancement under sections 667, subdivision (a)(1) and 1385.

McCONNELL, P. J.

WE CONCUR:

KELETY, J.

CASTILLO, J.

15